ANTONIO GUIJARRO COBIÁN, demandante y apelante, *v.* OTILIA LLUBERAS NEGRONI, demandada y apelada.

Núm. 8189.—*Sometido:* Abril 4, 1941. *Resuelto:* Abril 17, 1941.

*Arturo O'Neill,* abogado del apelante; *Miguel Marcos Morales,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Por sentencia de 29 de febrero de 1936, la Corte de Distrito de San Juan declaró disuelto el vínculo matrimonial que existía entre Antonio Guijarro y Otilia Lluberas y concedió a ésta el cuidado y patria potestad sobre su hija menor, Asunción Guijarro Lluberas.

En junio 17 de 1937 Otilia Lluberas contrajo segundas nupcias en la ciudad de Nueva York, y en la actualidad reside con su nuevo esposo en los Estados Unidos. La menor se encuentra bajo la custodia y cuidado de su abuela materna doña Asunción Negroni Viuda de Lluberas, en el pueblo de Yauco, P. R.

En octubre 5 de 1939, Antonio Guijarro, padre de la menor, radicó demanda ante la Corte de Distrito de San Juan, en la que alega en sustancia que por razón de haber contraído segundas nupcias, Otilia Lluberas perdió la patria potestad sobre su hija Asunción; que se hace indispensable el nombramiento de un tutor para la menor; y que es a doña Carmen Cobián Viuda de Guijarro a quien corresponde, como abuela paterna, la tutela y guardaduría de la menor. Y pide que se dicte sentencia declarando extinguida la patria potestad de Otilia Lluberas sobre la menor, mientras subsistan sus segundas nupcias, y que se nombre a la mencionada abuela paterna tutora de la menor.

Trasladado el caso a la Corte de Distrito de Ponce, la demandada excepcionó la demanda por no aducir hechos

suficientes para constituir causa de acción y por carecer el demandante de capacidad legal para demandar. La corte inferior declaró con lugar ambas excepciones y a petición del demandante dictó sentencia desestimando la demanda; y no estando conforme el demandante, interpuso el presente recurso.

¿Tiene el cónyuge que por sentencia de divorcio en su contra quedó privado de la patria potestad sobre su hijo menor, acción para pedir que se declare extinguida la patria potestad del cónyuge inocente, cuando éste contrae nuevas nupcias?

Esa cuestión, que es la única envuelta en este litigio, es nueva en esta jurisdicción. Su resolución depende de la interpretación que demos al artículo 164 del Código Civil, según quedó enmendado por la Ley núm. 14 de marzo 30 de 1939 ((1) pág. 323), que lee así:

"Artículo 164.—Disuelto por cualquier causa el vínculo matrimonial, el padre o la madre que pasare o hubiere pasado a segundas nupcias, perderá la patria potestad sobre sus hijos mientras duren estas nupcias. Igualmente perderá la patria potetad el padre o madre que hubiere obtenido sentencia de divorcio a su favor si voluntariamente abandonase a sus hijos habidos en dicho matrimonio por un período mayor de un (1) año. La acción para decretar la pérdida de dicha patria potestad se promoverá en juicio declarativo ante la Corte de Distrito del Distrito en que residan el menor o menores, previa demanda hecha por alguna de las personas llamadas a ejercer la tutela legítima, y siempre que el tribunal, después de oír la prueba que corresponda, lo estime conveniente para beneficio del menor o menores; *Disponiéndose,* que el padre o madre, si lo hubiere, privado ya de la patria potestad, podrá también pedir que se nombre el tutor correspondiente."

El propósito del legislador ha sido a nuestro juicio claramente expresado. Velando por el bienestar y felicidad del menor y temeroso de que éste pudiese verse obligado en contra de su deseo a vivir con un padrastro o madrastra que pudiera maltratarle, dispuso el legislador que el cónyuge que por sentencia de divorcio conservó la patria potestad sobre

sus hijos menores, la perderá si contrajere segundas nupcias y mientras duren éstas. Esa pérdida de la patria potestad no tiene lugar automáticamente al efectuarse las segundas nupcias. Es necesario que se cumplan dos requisitos esenciales para que ocurra la pérdida de la patria potestad: (*a*) que se promueva acción en juicio declarativo por alguna de las personas llamadas a ejercer la tutela legítima; y (*b*) que el tribunal, después de oír la prueba, estime que es conveniente y beneficioso para el menor decretar la pérdida de la patria potestad que se solicita. Mientras no se cumplan esos dos requisitos, el cónyuge inocente continuará, no obstante haber contraído segundas nupcias, ejerciendo la patria potestad que le fué conferida por la sentencia de divorcio.

El demandante, padre de la menor, no es una de las personas a quien de acuerdo con el artículo 178 del Código Civil, ed. 1930, correspondería la tutela legítima de Asunción Guijarro y Lluberas. No es por consiguiente el demandante una de las personas a quienes el artículo 164, supra, concede el derecho de entablar acción para que se decrete la pérdida o suspensión de la patria potestad que por el decreto de divorcio se concedió a Otilia Lluberas Negroni, la demandada.

Sostiene el demandante apelante que el citado artículo 164 le concede a él, como padre privado de la patria potestad, el derecho a incoar acción sobre extinción de la patria potestad conferida a la que fué su esposa. Y basa toda su argumentación en la interpretación que a su juicio debe darse al párrafo final de dicho estatuto, que dice: *"Disponiéndose, que el padre o madre, si lo hubiere, privado ya de la patria potestad, podrá también pedir que se nombre el tutor correspondiente."*

Arguye el apelante, que siendo el propósito de todo "disponiéndose" restringir o modificar lo dicho en la cláusula principal que le precede y no habiéndose dicho nada en la cláusula principal del artículo 164 sobre nombramiento de tutor, el disponiéndose debe interpretarse en el sentido de

que confiere al demandante el derecho a solicitar mediante demanda la extinción de la patria potestad de la madre sobre la menor y también el derecho a intervenir en el nombramiento de tutor.

Es cierto que en todo lo que precede al "disponiéndose" del artículo que estamos interpretando nada se dice sobre nombramiento de tutor. Empero, ¿qué necesidad había de hacer referencia alguna al nombramiento de tutor? ¿Puede concebirse que una de las personas llamadas a ejercer la tutela legítima de un menor entable demanda sobre pérdida de la patria potestad de acuerdo con el artículo 164 del Código Civil y no pida al mismo tiempo que se nombre tutor al menor, para que éste no quede desamparado? ¿Puede concebirse que una corte de justicia, que ejerce funciones tutelares sobre todos los menores dentro de su jurisdicción, decrete la extinción, pérdida o suspensión de la patria potestad sobre un menor, sin que al mismo tiempo y sin necesidad de que se le pida decrete el nombramiento de tutor para la custodia de la persona y bienes del menor?

Con anterioridad a la aprobación de la ley enmendatoria del artículo 164, supra, el cónyuge inocente no perdía, al contraer nuevas nupcias, la patria potestad sobre sus hijos; y nadie tenía derecho a solicitar que se declarase judicialmente la extinción de la patria potestad por el indicado motivo. El citado artículo creó ese derecho y lo concedió exclusivamente a las personas llamadas a ejercer la tutela legítima de acuerdo con el artículo 178 del Código Civil. Pudo el legislador haber hecho extensiva esa causa de acción al cónyuge ya privado de la patria potestad, pero no lo hizo; y nosotros no estamos facultados para hacer lo que el legislador se abstuvo de hacer.

No conocemos las razones o motivos específicos que tuviera el legislador para no incluir al cónyuge que por decreto judicial perdió la patria potestad, entre las personas que pueden ejercitar la acción creada por el artículo 164 del Código Civil. Cabe pensar, que habiéndose discutido ya entre los cónyuges, en el procedimiento de divorcio, todo lo relativo a la custodia

y cuidado de los hijos y habiendo recaído un fallo sobre esa cuestión, no quiso el legislador revivirla concediendo un derecho de acción al que por su culpa perdió la patria potestad, contra el que la pierde o puede perderla por el ejercicio de su derecho a contraer nuevas nupcias. Y fué ésa tal vez la razón fundamental que tuvo el legislador para disponer que la contienda pueda trabarse solamente entre alguna persona a quien corresponda la tutela legítima, de una parte, y el cónyuge que ha vuelto a contraer matrimonio, de la otra.

El cónyuge que por su culpa fué privado de la patria potestad sobre su hijo menor, no podría reclamar la tutela de dicho menor aun cuando se decretase judicialmente la pérdida de la patria potestad por el cónyuge que contrajo nuevas nupcias. A ello se oponen los artículos 178 y 195 del Código Civil.

Presumiendo que el cónyuge contra el cual se decretó el divorcio siente por el menor el cariño de un padre y que tiene interés en velar por su bienestar y felicidad, el legislador creyó justo y razonable conceder también a dicho cónyuge el derecho a intervenir y a ser oído en cuanto a la selección de tutor para el menor. Ese derecho, no reconocido por ningún otro estatuto, es el que creó en favor del cónyuge ya privado de la patria potestad el "disponiéndose" del artículo 164 del Código Civil.

*Por las razones expuestas opinamos y resolvemos que la corte inferior no erró al declarar con lugar las excepciones previas formuladas y que el presente recurso debe ser desestimado y confirmada la sentencia recurrida.*