PEDRO PASTRANA REYES, demandante y apelante, *v.* ISABEL DÍAZ DÍAZ, demandada y apelada.

Núm. 8290.—*Sometido:* Noviembre 14, 1941. *Resuelto:* Noviembre 25, 1941.

*Francisco González Fagundo* y *Antonio L. López,* abogados del apelante; *P. Pérez Pimentel,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

 El 17 de abril de 1941 resolvimos el caso de *Guijarro* v. *Lluberas,* 58 D.P.R. 464, en el que, al interpretar el artículo 164 del Código Civil, según quedó enmendado por la ley núm. 14, aprobada el 14 de marzo de 1939, dijimos, según aparece del sumario, que ''el cónyuge que por sentencia de divorcio quede privado de la patria potestad sobre su hijo menor, no tiene acción para pedir que se declare extinguida la patria potestad del cónyuge inocente, cuando éste contrae nuevas nupcias'' y que, ''su único derecho . . . es el de intervenir y ser oído en cuanto a la selección del tutor para el menor.''

La sentencia en el caso de autos declarando sin lugar la demanda fué dictada por la corte inferior en octubre 17 de 1940, es decir, varios meses antes de ser resuelto el de *Guijarro,* supra, y en la opinión el juez hizo constar lo siguiente:

''No habiéndose colocado al tribunal en condiciones de poder resolver lo que estime conveniente para beneficio de la menor Ada Bisinia, por haber quedado huérfana de toda prueba la alegación séptima de la demanda, negada en la contestación, en cuanto a las condiciones a que está sometida dicha menor que requieran para beneficio de la misma, el nombramiento de un tutor, procede que declaremos sin lugar la demanda, por entender que de acuerdo con las disposiciones del artículo 164, supra, es necesaria la presentación de evidencia que nos ponga en condiciones de resolver en cuanto al bienestar de la menor, ya que el solo hecho de haber la demandada contraído segundas nupcias no es suficiente para privar a la misma de la patria potestad sobre su hija Ada Bisinia.''

Aun cuando la demanda pudo haber sido desestimada por carecer el demandante de acción, la sentencia dictada por la corte inferior se ajusta a lo resuelto en el mencionado caso de *Guijarro,* donde después de citar el artículo 164 del Código Civil, expusimos cuáles eran los requisitos que debían cum-

plirse para que ocurra la pérdida de la patria potestad del cónyuge inocente que contrae segundas nupcias, al expresarnos así:

"El propósito del legislador ha sido a nuestro juicio claramente expresado. Velando por el bienestar y felicidad del menor y temeroso de que éste pudiese verse obligado en contra de su deseo a vivir con un padrastro o madrastra que pudiera maltratarle, dispuso el legislador que el cónyuge que por sentencia de divorcio conservó la patria potestad sobre sus hijos menores, la perderá si contrajere segundas nupcias y mientras duren éstas. Esa pérdida de la patria potestad *no tiene lugar automáticamente al efectuarse las segundas nupcias.* Es necesario que se cumplan dos requisitos esenciales para que ocurra la pérdida de la patria potestad: (*a*) que se promueva acción en juicio declarativo por alguna de las personas llamadas a ejercer la tutela legítima; y (*b*) *que el tribunal, después de oír la prueba,* estime que es conveniente y beneficioso para el menor decretar la pérdida de la patria potestad que se solicita. Mientras no se cumplan esos dos requisitos, el cónyuge inocente continuará, no obstante haber contraído segundas nupcias, ejerciendo la patria potestad que le fué conferida por la sentencia de divorcio." (Itálicas nuestras.)

No obstante la insistencia del apelante en su informe oral no nos ha convencido de que debemos variar en forma alguna la interpretación que dimos al artículo 164 del Código Civil en el caso de *Guijarro,* supra, y, no habiendo el demandante presentado prueba alguna para sostener las alegaciones de su demanda, interpretó y aplicó bien la corte inferior el artículo 164, supra, *y procede, como consecuencia, la confirmación de la sentencia apelada.*