HENRY SEXTO, demandante y apelante, *v.* MAXIMINA COELLO TORRES y GUSTAVO OJEDA, demandados y apelados.

Núm. 10049.—*Sometido:* Noviembre 23, 1949. *Resuelto:* Noviembre 25, 1949.

*Luis Mercader* y *Sergio G. Gelpí,* abogados del apelante; *A. Reyes Delgado,* abogado de los apelados.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

Esta es una solicitud de hábeas corpus en la cual el peticionario alega que es el padre de dos niños de cinco y seis años de edad, respectivamente, sobre los cuales tiene la patria potestad, según se dispuso en una sentencia de divorcio contra su anterior esposa; que sus hijos han estado viviendo con los demandados, sus abuelos maternos, en el entendido de devolverlos al peticionario tan pronto los requiriese para ello; que ha solicitado le sean devueltos por disponer ahora de un hogar por haber contraído segundas nupcias; y que los demandados se niegan a entregar al demandante los referidos hijos.

Durante el juicio, después que fué presentada evidencia documental demostrativa del divorcio y del nuevo matrimonio del peticionario y antes de que se presentara prueba adicional alguna, los demandados hicieron una moción verbal para que se desestimara la solicitud por el fundamento de que el peticionario había perdido automáticamente la patria potestad sobre sus hijos por haber contraído segunda nupcias. La corte inferior declaró con lugar dicha moción y el peticionario ha interpuesto el presente recurso.

La corte inferior incurrió en manifiesto error al resolver que el hecho de que el peticionario contrajera matrimonio de nuevo lo despoja automáticamente de la patria potestad. El artículo 164 del Código Civil, según fuera enmendado por la Ley núm. 14, Leyes de Puerto Rico, 1939 ((1) pág. 323), prescribe lo siguiente:

"Art. 164.—Disuelto por cualquier causa el vínculo matrimonial, el padre o la madre que pasare o hubiere pasado a segundas nupcias, perderá la patria potestad sobre sus hijos mientras duren estas nupcias. Igualmente perderá la patria potestad el padre o madre que hubiere obtenido sentencia de divorcio a su favor si voluntariamente abandonase sus hijos habidos en dicho matrimonio por un período mayor de un (1) año. La acción para decretar la pérdida de dicha patria potestad se promoverá en juicio declarativo ante la Corte de

Distrito del Distrito en que residan el menor o menores, previa demanda hecha por alguna de las personas llamadas a ejercer la tutela legítima, y siempre que el tribunal, después de oír la prueba que corresponda, lo estime conveniente para beneficio del menor o menores; *Disponiéndose,* que el padre o madre, si lo hubiere, privado ya de la patria potestad, podrá también pedir que se nombre el tutor correspondiente."

Interpretando el artículo 164, según ha sido enmendado, en *Guijarro* v. *Lluberas,* 58 D.P.R. 464, 466–7, resolvimos lo siguiente:

"El propósito del legislador ha sido a nuestro juicio claramente expresado. Velando por el bienestar y felicidad del menor y temeroso de que éste pudiese verse obligado en contra de su deseo a vivir con un padrastro o madrastra que pudiera maltratarle, dispuso el legislador que el cónyuge que por sentencia de divorcio conservó la patria potestad sobre sus hijos menores, la perderá si contrajere segundas nupcias y mientras duren éstas. Esa pérdida de la patria potestad no tiene lugar automáticamente al efectuarse las segundas nupcias. Es necesario que se cumplan dos requisitos esenciales para que ocurra la pérdida de la patria potestad: (*a*) que se promueva acción en juicio declarativo por alguna de las personas llamadas a ejercer la tutela legítima; y (*b*) que el tribunal, después de oír la prueba, estime que es conveniente y beneficioso para el menor decretar la pérdida de la patria potestad que se solicita. Mientras no se cumplan esos dos requisitos, el cónyuge inocente continuará, no obstante haber contraído segundas nupcias, ejerciendo la patria potestad que le fué conferida por la sentencia de divorcio."

En *Pastrana* v. *Díaz,* 59 D.P.R. 532, citamos con aprobación el anterior lenguaje.

No habiendo el peticionario perdido la patria potestad por haberse casado nuevamente, erró la corte inferior al interrumpir el juicio y desestimar la demanda por ese fundamento.

*La sentencia de la corte de distrito será revocada y el caso devuelto para ulteriores procedimientos no inconsistentes con esta opinión.*