## Carmen Ferrer, demandante y apelada, v. José Guillén, demandado y apelante.

No. 3984.—*Visto:* Julio 28, 1926. *Resuelto:* Julio 30, 1926.

1. Divorcio—Pensión Alimenticia (*Alimony*), Concesiones (*Allowances*) y Disposición de la Propiedad—Apelación—Decisiones Apelables—Providencia Especial Después de la Sentencia de Divorcio — Resolución Concediendo Pensión Alimenticia a los Hijos.—Después de dictada sentencia en pleito de divorcio y estando apelada, la esposa presentó· moción en dicho pleito solicitando una pensión alimenticia para los hijos del matrimonio y fué concedida. Se resolvió: que esa resolución es apelable de acuerdo con el inciso 3 del artículo 295 del Código de Enjuiciamiento Civil.

2. Divorcio—Cuidado o Custodia y Manutención de los Hijos—Moción de Alimentos Después de Sentencia de Divorcio—Oposición—Juramento y Efecto.—La oposición que a moción jurada de alimentos que se presentó después de dictada sentencia en un pleito de divorcio se funde en cuestiones legales negando jurisdicción a la corte para resolver tal moción, no tiene que ser jurada ni admite definitivamente los hechos alegados en la moción porque dicha oposición no se jurara.

3. Apelación y Error—Desestimación, Retiro y Abandono—Apelación Frívola—Cuestiones Planteadas, ya Resueltas en Anterior Apelación.—Solicitada la desestimación del recurso en este caso, por frívolo, porque esta corte había resuelto las cuestiones legales suscitadas por la oposición que motivó dicho recurso al negar expedición de un auto de *certiorari* que solicitó el apelante, *se resolvió:* que no constando de ·las diligencias del caso que el Supremo haya resuelto tales cuestiones entre las partes, no procedía desestimar la apelación interpuesta.

*Antonio Sarmiento,* abogado del apelante; *A. R. de Jesús,* abogado de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Después de dictada sentencia en un pleito de divorcio y estando pendiente la apelación interpuesta contra ella la esposa presentó moción jurada a la corte de distrito inferior solicitando que el padre pagase determinada cantidad de dinero como alimento para los hijos del matrimonio bajo la custodia de la peticionaria. El marido se opuso a esa petición alegando que la corte no tiene jurisdicción en este pleito para conceder alimentos a los hijos pero la corte concedió esos alimentos y fijó su cuantía contra cuya resolución· se interpuso el presente recurso de apelación cuya desestimación nos pide la apelada alegando que tal resolución

no es apelable de acuerdo con el artículo 170 del Código Civil, por no estar comprendida en ninguno de los casos en que el artículo 295 del Código de Enjuiciamiento Civil autoriza apelaciones para ante nosotros y por ser frívola.

[1] Si bien el Código Civil en el capítulo que trata de las medidas provisionales a que pueda dar lugar el juicio de divorcio dispone en su artículo 170 que las resoluciones del tribunal de distrito con motivo de ese capítulo son inapelables, tal disposición no impide la apelación en este caso porque la petición de alimentos para los hijos que motiva esta apelación no está comprendida entre las medidas provisionales mencionadas en ese capítulo cuyas resoluciones se declaran inapelables; y puede ser apelada de acuerdo con el inciso 3 del artículo 295 del Código de Enjuiciamiento Civil porque es una providencia especial dictada después de sentencia definitiva de la corte.

[2, 3] La alegación de frivolidad la funda la apelada en que habiendo jurado su moción de alimentos quedaron aceptados los hechos alegados en ella porque el apelante no juró su oposición y porque las cuestiones de derecho suscitadas en dicha oposición a la moción fueron resueltas en su contra por este tribunal al negar la expedición de un auto de certiorari que solicitó el ahora apelante.

Respecto al primer extremo diremos que como la oposición a la moción sobre alimentos se fundó en cuestiones legales negando jurisdicción a la corte para resolver en este pleito la moción mencionada, esa alegación no tenía que ser jurada y no admitía definitivamente los hechos que alegaba la moción; y con respecto al otro extremo nos bastará decir que no consta en estas diligencias que nosotros hayamos resuelto entre las partes las cuestiones legales suscitadas por la oposición a la moción cuando negamos la expedición de un auto de certiorari que nos pidió el ahora apelante.

*La moción de desestimación debe ser negada.*

El Juez Asociado Señor Hutchison no intervino en la resolución del caso.