María Luisa López, Plaintiff and Appellant, *v.* Gustavo Benítez Gautier, Defendant and Appellee. Same, Plaintiff and Appellee, *v.* Same, Defendant and Appellant.

Nos. 8931 and 8955. Argued December 1, 1944.—Decided December 12, 1944.

*Henry G. Molina* for plaintiff and appellant-appellee. *Gustavo Benítez Gautier, pro se, R. Rivera Zayas,* and *G. Rivera Cestero,* for defendant and appellee-appellant.

Mr. Justice Todd, Jr., delivered the opinion of the court.

These two appeals were heard together in view of the fact that they were taken from the same order. The essential facts briefly set forth are as follows:

In an action of divorce against the defendant, the plaintiff filed a motion seeking an allowance for the support, not of herself, but of her two children of eleven and eight years of age had in their marriage. After a hearing the court fixed a monthly allowance of $40. Subsequently, at the request of the plaintiff, the allowance was increased to $60 and when the divorce was decreed on December 14, 1942, the allowance was again increased to $70 monthly. All these increases were grounded on the evidence introduced by both parties which revealed their economic situation at the time when the different raises were granted.

Subsequently, on April 2, 1943, the defendant by a motion filed within the same divorce suit, requested that the allowance be reduced to $45 and the court, after hearing the parties and weighing the evidence denied said motion.

On January 4, 1944, the plaintiff filed within the divorce suit also, another motion praying that the monthly allowance for her minor children be increased to $125. The defendant objected, and after a hearing was had and evidence was introduced, the court issued an order the dispositive part of which reads as follows:

"For the aforesaid reasons a monthly allowance of $100 is fixed for the support of the minors Gustavo José and María Luisa (Marilú) Benítez López; but it having been shown that the defendant spends a monthly amount of $15 in presents for his children, such as school supplies, shoes, clothing, etc., it is hereby decided that from said allowance the defendant is only bound to deposit in court the sum of $85 which should be deposited at the disposal of the defendant *(sic)* within the first five days of each month beginning on the fol-

lowing April, and it is further provided that the raise of $45 corresponding to the months of January, February and March of this year shall be deposited by the defendant together with the allowances at the rate of $50 monthly beginning on April 1st.''

As we have already said, both parties have appealed. However, the plaintiff confines her appeal to contesting that part of the order which permits the defendant to invest $15 of the allowance ''in presents for his children such as school supplies, shoes, clothing, etc.'' We are of the opinion that, considering the evidence as weighed by the lower court and the surrounding circumstances of this case the lower court did not abuse its discretion in permitting the defendant, as father of the two children had in their marriage, to personally invest $15 of the monthly allowance of $100. Of course, if it were shown at any time that the defendant has not complied with that part of the order, the court may always amend it and adjust it to the proven facts. Appeal No. 8931 taken by the plaintiff must be dismissed.

In appeal No. 8955 the defendant raises two questions: 1.—that the lower court lacked jurisdiction to increase the allowance fixed for provisional support within the divorce proceeding and 2.—that the court acted with passion, prejudice, and partiality in weighing the evidence and erred in increasing the monthly allowance to $100.

The cases [1] cited by the appellant in support of the jurisdictional question are not applicable to the case at bar. They all refer to provisional measures taken during the pendency of the divorce suit in connection with the maintenance of the wife or the custody of the children. In the present case none of these questions is involved, for, as we have said, the allowance was sought from the very beginning for the support of the minor children. The appellant has not cited one case and we have found none, wherein it has been held that the court loses its jurisdiction to increase or reduce an allow-

---

[1] *Ex parte Axtmayer* v. *People*, 19 P.R.R. 378; *Lara* v. *Garrosi*, 23 P.R.R. 378; *Auge* v. *Solosse*, 31 P.R.R. 832; *Vilaró* v. *Puig*, 59 P.R.R. 577.

ance for the support of children, within the divorce suit, because of the fact that judgment was rendered in said case and that the same was final.

On the contrary, even when dealing with the custody of children we held in *Chardón* v. *District Court*, 45 P.R.R. 604, as follows:

"That a court, after entering a decree of divorce, retains jurisdiction thereafter to make any necessary or proper orders concerning the custody of the children or to modify from time to time, according to changing circumstances, such orders previously made is not now open to question in other American jurisdictions and does not appear to have been heretofore questioned in this court. The existence of such a power was assumed, although no question in regard thereto seems to have been raised, in *Blanco* v. *Hernández*, 32 P.R.R. 20, and in *Ex parte Maldonado*, 42 P.R.R. 832. In the *Blanco* case where the mother, plaintiff in a divorce suit, had been awarded the custody of the child and the father had appealed from a judgment which took the child from his possession by a writ of habeas corpus and restored it to the custody of the mother, we said that: 'The appellant had no right to take the law in his owns hands, but should have made due application to the court for the custody of the child if circumstances had arisen which changed the conditions at the time of the divorce decree.' In the absence of any cogent reason for a different conclusion we hold that here, as elsewhere, the district court may, on motion made after judgment in a suit for divorce, make any order concerning the custody of children that might be made in an independent action brought for that purpose."

And even when alimony was involved, it was held in *Puigdollers* v. *Monroig*, 14 P.R.R. 756, copying from the syllabus, that "Where a district court grants alimony it has jurisdiction to set aside or modify its order so doing, whenever in accordance with the provisions of section 177 of the Civil Code the circumstances justify such action, and such an order may be sought *by means of a motion made during the principal suit, without the necessity of filing a separate complaint for the purpose.*" (Italics ours.)

This doctrine was ratified in *Díaz* v. *District Court*, 55 P.R.R. 409.

We have further held that "the nature of an award for maintenance is always provisional and transitory for as long as the situation that impelled the court to grant it shall exist," and that "Whether the case is decided on motion [within the suit] or following the procedure for unlawful detainer, or in an ordinary action, *the court retains jurisdiction to consider the case again* in the light of circumstances that may arise in the future." *Sacarello* v. *Rubio*, 44 P.R.R. 860. (Matter in brackets and in italics ours.)

Furthermore in *Ferrer* v. *Guillén*, 35 D.P.R. 1006–07, we expressly held that "the petition for the support of the children . . . [filed after the divorce decree was rendered and during the pendency of the appeal therefrom] is not included among the provisional measures" mentioned in the chapter of the Civil Code which deals with provisional measures which may arise in a divorce suit and therefore an appeal may be taken from a judgment granting such measures, inasmuch as it is a special provision rendered after the final judgment of the court. (Matter in brackets ours.)

For the reason stated we are bound to conclude that the lower court had jurisdiction to dispose of plaintiff's motion seeking an increase in the allowance for the support of her children, even though the judgment in the divorce suit was final. The powers of *parens patriae* which is conferred upon the court to safeguard the welfare of minors may be exercised within the divorce suit as well as in an independent and separate action. The first error assigned is nonexistent.

The assignments of error referring to the weighing of the evidence are likewise nonexistent. We have carefully studied the transcript of the evidence and there is nothing which justified the charge made that the lower court acted with passion, prejudice, and partiality in weighing said evidence.

Appeal No. 8955 must be dismissed and the order appealed from affirmed.