BLANCO, DEMANDANTE Y APELADA, *v.* HERNÁNDEZ, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en un caso de *habeas corpus*.

No. 2960.—Resuelto en junio 11, 1923.

*Habeas Corpus*—PATRIA POTESTAD—PRUEBA.—Existiendo sentencia de divorcio a favor de la esposa, concediéndole la custodia del hijo, el marido se apoderó de la persona de éste sin que mediara gestión alguna judicial. Resuelto por auto de *habeas corpus* el derecho a la custodia del hijo, en apelación *se resolvió*: que la presentación de la sentencia de divorcio por la demandante establecía un caso *prima facie* a su favor, incumbiendo al demandado, por tanto, el peso de la prueba de su defensa o que las circunstancias habían cambiado desde la fecha de tal sentencia.

ID.—ID.—PRUEBA.—En una lucha entre padres por la custodia de un niño, prueba de que la situación económica del esposo era mejor, vale poco.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. García Méndez & García Méndez.*

Abogados de la apelada: *Sres. Reichard & Reichard.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Alejandrina Blanco Chacón y José Hernández Ríos contrajeron matrimonio en el año 1916, habiendo procreado un hijo llamado Gilberto que nació el día 3 de julio de 1918. El día 29 de abril de 1922, en una acción de divorcio establecida por ambas partes, la Corte de Distrito de Aguadilla dictó sentencia a favor de la esposa, concediendo a ésta la custodia del hijo Gilberto pero permitió al padre que sostuviera relaciones familiares con el referido hijo. No contento con este derecho, el padre se apoderó del niño y se hizo cargo en absoluto del mismo con exclusión de la madre. Esta última estableció el presente recurso de *habeas corpus*

y obtuvo sentencia a su favor.   Naturalmente, y como caso *prima facie*, ella no necesitaba otra cosa que la sentencia en el caso de divorcio.   El demandado apeló.

El demandado, para anular la solicitud en que se interesa la custodia del niño, alegó en su contestación o réplica que se apoderó del menor, primero, porque lo vió pululando por las calles en distintas horas del día sin persona alguna que lo cuidase; y segundo, porque sabía que la madre no cuidaba al niño, maltratándolo, y que la referida madre no tenía ni condiciones morales, ni económicas para tener la custodia de dicho niño.

Lo que la Corte de Distrito de Aguadilla pudo haber hecho, de haberse invocado debidamente su jurisdicción, hubiera sido encarcelar al apelante por desacato al desobedecer su orden.   El apelante no tenía derecho a tomar la ley por sus propias manos, sino que debió haber hecho la debida solicitud a la corte para la custodia del niño si habían surgido circunstancias que cambiaban las condiciones en la fecha de la sentencia de divorcio.

La Corte de Distrito de Aguadilla otra vez resolvió a favor de la madre.   No prestaremos ninguna atención a varios errores alegados en relación con la admisión de prueba, porque el peso recaía en el demandado y especialmente después de la sentencia de la corte, de probar que la madre no tenía derecho a la custodia del hijo.   De igual modo la prueba excluída, o no fué propiamente objetada, o el error debidamente señalado, o su exclusión no perjudicaba.   La única verdadera cuestión es si el padre demostró que la madre no reunía las debidas condiciones para tener la custodia del niño.

Como es frecuente en esta clase de controversias, hubo prueba de que el padre estaba en mejores condiciones de poder atender al hijo que la madre, pero la corte declaró probado que la madre podía sostener al hijo bastante bien y no hay nada que contradiga esta conclusión.   También

convenimos con la sugestión hecha por la corte, o la apelada, de que el padre o podría ayudar, o ayudar más, de ser necesario, siendo algo dudoso si él estaba contribuyendo como debía.   Hubo alguna prueba de estar el niño vagando por las calles solo, pero la corte o no dió crédito a los testigos, o creyó que este cargo era frívolo.   No encontramos ninguna justificación suficiente en algún otro sentido de que la madre no reuniera las debidas condiciones para tener la custodia.   Hubo prueba, además, en contrario a satisfacción de la corte inferior y de nosotros mismos.

No encontramos que la actuación de la corte estuviera en oposición a ninguno de los principios establecidos en el caso de *Chabert* v. *Sánchez,* 29 D. P. R. 241, en tanto es aplicable ese caso.   Ni vemos tampoco que haya habido pasión o prejuicio porque la corte aparentemente impusiera el peso de la prueba al demandado, pues, como hemos indicado, a él le incumbía.

Ni tampoco vemos que se haya cometido error en la imposición de las costas.   El apelante fué enteramente culpable al apoderarse del niño sin una orden de la corte.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.