CARLOS E. CHARDÓN, peticionario, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. C. LLAUGER DÍAZ, JUEZ, demandada.

No. 927.—*Sometido:* Julio 24, 1933. *Resuelto:* Julio 29, 1933.

*Wilson P. Colberg y F. Ochoteco Jr.,* abogados del peticionario; *C. Coll y Cuchí,* abogado de la demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La Corte de Distrito de San Juan en pleito de divorcio

* NOTA: Véase el prefacio.

iniciado por la esposa concedió a ella la custodia de los hijos. La esposa contrajo nuevo matrimonio y luego se fué a vivir a Ponce. Posteriormente la corte fijó ciertos períodos durante los cuales el padre podía tener consigo a las niñas en Ponce y ciertos períodos de mayor duración durante los cuales podía tenerlas consigo en su hogar en Río Piedras. Al finalizar o casi al terminar una de estas visitas, el padre solicitó de la Corte de Distrito de San Juan que dictara una orden autorizando la hospitalización temporal de las niñas en San Juan o Río Piedras. En esta moción se aducía lo siguiente: que las niñas, que entonces tenían seis y medio años de edad, parecían estar quebrantadas de salud; que él inmediatamente las sometió a tratamiento médico; que los facultativos a su cargo determinaron que ambas se hallaban padeciendo de tuberculosis activa crónica de tipo pulmonar y bilateral, de tipo infantil, inapetencia y estreñimiento y padeciendo asimismo de hongos en el cuero cabelludo; que un examen bacteriológico practicado también revelaba la existencia de pus en la orina y la carencia de hemoglobina y glóbulos rojos en la sangre, así como otros padecimientos; que los diversos quebrantamientos físicos de estas niñas habían sido motivados y se debían única y exclusivamente a la negligencia de la madre en el cuido de las menores, así como a la falta de aseo y de la debida nutrición de las mismas; que el dictamen facultativo recomendaba y ordenaba una inmediata hospitalización de las menores en un sanatorio o clínica dedicada a pacientes atacados de tuberculosis a fin de que dichas menores pudieran continuar sometidas a un tratamiento y disciplina médicos por especialistas de enfermedades de los pulmones; que tal hospitalización debía efectuarse en San Juan o Río Piedras por no existir en la municipalidad de Ponce hospitales o sanatorios propios para el tratamiento de enfermedades de esta índole; que al tiempo de radicarse la moción las ameritadas menores se hallaban hospitalizadas y bajo régimen sanatorial en la residencia del demandado, bajo tratamiento de dos especialistas en tu-

berculosis, designándolos; que dichos médicos eran de opinión que de prolongarse por más tiempo el estado de desnutrición de las referidas menores y de volver las mismas al régimen en que se encontraban anteriormente, se acentuaría la afección pulmonar al extremo de ocasionarles la muerte en un corto período de tiempo; y que el bienestar, salud y felicidad de las niñas requerían que ellas fuesen hospitalizadas inmediatamente en una clínica o sanatorio destinado a pacientes tuberculosos a fin de que las niñas continuaran bajo el cuidado de los referidos especialistas.

Se solicitaba de la corte dictara una orden, luego de celebrada una vista, con notificación a la parte contraria, decretando la hospitalización inmediata de las niñas en una clínica destinada a tratamiento de tuberculosis, dentro de la jurisdicción de la Corte de Distrito de San Juan, todo sin perjuicio de que dicha demandante continuara sus relaciones de familia con las aludidas menores y sin perjuicio de que la demandante continuara gozando y disfrutando de su derecho de patria potestad en lo que no estuviera en conflicto con la hospitalización solicitada.

Tres días después de radicarse esta moción, la corte de distrito, sin la formalidad de una vista, la declaró sin lugar, fundada, en opinión del juez de distrito, en que cualquiera que sea el estado de salud de las menores, no hay justificación alguna para que la hospitalización sea en el distrito judicial de San Juan, ya que la demandante, que había contraído nuevo matrimonio y residía en el distrito de Ponce, tenía la patria potestad y el cuidado de sus menores hijas, y que declarar con lugar la moción del demandado equivaldría prácticamente a privarla de dicha patria potestad y cuidado; porque "dentro de este procedimiento" la corte no tenía jurisdicción para considerar la moción del demandado, la cual prácticamente privaría a la demandante de la patria potestad, toda vez que la índole de la enfermedad que alega el demandado padecen las menores requería una hospitalización por tiempo indeterminado y no hay alegación alguna al

efecto de que en el distrito de Ponce no existan clínicas ni médicos capaces de atender y tratar la enfermedad de las menores; porque declarar con lugar la moción del demandado sería un claro abuso de discreción por cuanto se privaría a la madre de estar junto a sus hijas de corta edad durante un período de enfermedad complicado, dilatado y difícil y porque aceptando como cierto el estado de salud de las menores, nadie como la madre podía prestarles un cuidado tan esmerado.

Evidentemente el juez de distrito pasó por alto lo alegado en la moción de que en Ponce no existían hospitales o sanatorios adecuados para el tratamiento de tuberculosis, así como la alegación ulterior de que el estado físico de las niñas había sido causado y se debía exclusivamente a la negligencia de la madre en el cuido de ellas y a la falta de aseo y nutrición debidos. También parece haber pasado por alto la alegación hecha igualmente en la moción de que en opinión de los facultativos que las asistían el regreso de las niñas a su ambiente anterior agravaría la enfermedad y les produciría la muerte.

La moción estaba debidamente jurada. Se solicitaba la oportunidad de ser oído previa la correspondiente notificación a la parte contraria y antes de que se dictase cualquier decisión. En lo que a cualquier cuestión de hecho se refiere, fué una súplica razonable y no debió haber sido denegada.

En *Babá* v. *Rodríguez,* 36 D.P.R. 502, esta Corte resolvió que una corte de distrito en un procedimiento de hábeas corpus podía determinar la cuestión de la custodia de un niño fundada en la felicidad y bienestar de éste, no obstante el derecho del padre a ejercer la patria potestad. Dijimos: "No hay nada en ningún código en Puero Rico que impida tal determinación. Un tribunal es el *parens patriae* y puede cuidar de los intereses de un niño y protegerlo." En dicho caso el argumento fué que un padre podía ser privado de la patria potestad solamente en un procedimiento iniciado para dicho fin. Ése fué prácticamente el único argumento hecho

ante esta corte en apoyo de la orden que ahora tenemos bajo nuestra consideración. No se citaron autoridades ni se ha archivado memorándum dentro del término concedido. Que una corte, después de dictar un decreto de divorcio, retiene jurisdicción posteriormente para dictar las órdenes necesarias o apropiadas en relación con la custodia de los hijos o para modificar de cuando en cuando, en armonía con los cambios de circunstancias, las órdenes previamente dictadas, es cuestión que ahora no está sujeta a duda en otras jurisdicciones americanas y que hasta ahora no parece haber sido puesta en tela de juicio ante este tribunal. La existencia de tal facultad fué asumida, aunque no parece haberse levantado ninguna cuestión en relación con la misma, en *Blanco* v. *Hernández*, 32 D.P.R. 22, y en *Ex parte Maldonado*, 42 D.P.R. 867. En el caso de Blanco en que a la madre, demandante en una acción de divorcio, se había concedido la custodia del hijo y el padre había apelado de una sentencia que le privaba de la posesión del menor en un auto de hábeas corpus y lo restituía a la custodia de la madre, dijimos: ''El apelante no tenía derecho a tomar la ley por sus propias manos, sino que debió haber hecho la debida solicitud a la corte para la custodia del niño si habían surgido circunstancias que cambiaban las condiciones en la fecha de la sentencia de divorcio.'' En ausencia de cualquier razón convincente para que lleguemos a una conclusión distinta, resolvemos que aquí, al igual que en otras partes, las cortes de distrito pueden en una moción presentada después de dictada sentencia de divorcio, dictar cualquier orden relativa a la custodia de los hijos que pueda ser librada en una acción independiente incoada con tal fin.

Es cuestión que está bien establecida en esta jurisdicción que la patria potestad está subordinada siempre al ejercicio por las cortes del poder de *parens patriae* y que el factor dominante en el ejercicio de tal poder es el bienestar del hijo o hijos. Véase *Ex parte* Maldonado, supra, y casos allí citados.

Debió haberse dado al peticionario la oportunidad de establecer los hechos alegados en su moción y al probarlos habría tenido derecho a algún remedio como el que solicita.

*La resolución apelada debe ser revocada y devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión.*

El Juez Asociado Señor Aldrey está conforme con el resultado.