ANTONIA VILARÓ BATLLE, demandante y apelada, *v.* MIGUEL PUIG MUNET, demandado y apelante.

Núm. 8341.—*Sometido:* Noviembre 14, 1941. *Resuelto:* Diciembre 8, 1941.

*E. Díaz Santana* y *E. Mieres Calimano* (*José Soto Rivera*, en el alegato), abogados del apelante; *Géigel & Silva*, abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La sentencia recurrida fué dictada en un pleito de divorcio por la causal de trato cruel e injurias graves por parte del marido a su mujer. Mientras se sustanciaba y decidía el pleito, la esposa solicitó y obtuvo del tribunal ciertas medidas provisionales, tales como fijación de domicilio y cuidado provisional de la única hija habida en el matrimonio. El demandado por su parte, también antes del juicio, solicitó que se regularan provisionalmente las relaciones de familia entre él y su hija y se nombrase un síndico para la administración de los bienes privativos de su esposa, alegando que la mitad de sus rentas le pertenecían por ministerio de la ley, siéndole denegadas ambas mociones. No solicitó en forma alguna la revisión de las citadas resoluciones, pero las incluye ahora en el señalamiento de errores, bajo los números 2, 3, 4 y 5. Tales medidas, como su nombre y naturaleza indican, son de carácter provisional y sus efectos sólo subsisten hasta el momento en que es firme la sentencia, siendo entonces sustituídas si prospera el divorcio, por las

580

que surgen como efectos del mismo, que se consignan en el Libro 1ro, tít. 4°., capítulo 5°., Código Civil, artículos 105 al 109, ambos inclusives. Estas medidas provisionales envuelven cuestiones meramente colaterales al pleito de divorcio y siendo ello así no pueden causar la revocación de la sentencia que pueda dictarse, ya sosteniendo o denegando la demanda. Por consiguiente, resulta académico considerar dentro de este recurso las referidas cuestiones.

■■ Bajo el primer señalamiento se alega que incurrió en error la corte sentenciadora al negar una moción del demandado en que solicitó la eliminación de ciertas frases de la demanda que él alega constituyen conclusiones y no una relación de hechos. A pesar de que no son las conclusiones de hecho *(ultimate facts)*, sino las de derecho, las que condenan las reglas de procedimiento, prescribe el artículo 142 del Código de Enjuiciamiento Civil que no se revocará o invalidará ningún fallo por razón de error o defecto de las alegaciones o procedimientos que no afecten a lo esencial de los derechos de las partes.

■ Lo mismo puede decirse con respecto a los errores numerados 6 y 7, que se refieren al contrainterrogatorio de cierto testigo de la demandante, que en verdad se contraía a cuestiones que no afectan en forma alguna la conclusión a que llegó la corte sentenciadora al declarar con lugar la demanda de divorcio.

■ En el octavo señalamiento de error se queja el apelante de que la corte no dió consideración a las gestiones del demandado tendientes a la reconciliación con su esposa. Siendo el demandado el ofensor, como veremos al considerar el noveno y último señalamiento de eror, ¿qué pertinencia pueden tener sus supuestas gestiones para conseguir que su esposa se dispusiese a continuar recibiendo el trato cruel de que lo perdonó en una ocasión en Ponce, pero que repitió el demandado con mayor violencia en Santurce poco después? Si ella no le perdonó en la segunda ocasión y por consiguiente no hubo la reconciliación que hubiera extinguido la acción

de divorcio (artículo 103, Código Civil), tal evidencia ofrecida por el demandado era necesariamente impertinente e inmaterial.

■ Por el noveno y último de los errores señalados se imputa a la corte error en la apreciación de la prueba.

La prueba de la demandante y uno de los testigos del demandado demostraron que en la ciudad de Ponce, en enero de 1938, el demandado maltrató a la demandante en forma tan cruel y violenta que los vecinos tuvieron que intervenir para evitar que él continuara sus agresiones contra ella, aconsejándole entonces el testigo Varela, presentado por el propio demandado, que se divorciaran. También tiende a sostener que la demandante perdonó al demandado las ofensas y desistió del pleito de divorcio que contra él había radicado en la Corte de Distrito de Ponce y que luego de trasladarse a vivir a Santurce, en la calle Las Palmas, también volvió a agredirla el demandado, a fines del mismo año 1938, en forma tal que el testigo Luis Rafael Dávila tuvo que intervenir y darle protección a la demandante en su casa para evitar que el demandado continuara sus atropellos, y que desde ese momento se separó definitivamente de él, presentando inmediatamente después la demanda de divorcio que motivó la sentencia apelada.

La prueba no demuestra en forma alguna que el juez sentenciador actuara movido por pasión, prejuicio o parcialidad como pretende el demandado, y no habiéndose cometido ningún error que justifique la revocación de la sentencia, *procede su confirmación.*

El Juez Asociado Sr. Todd, Jr., no intervino.