María Luisa López, demandante y apelante, *v.* Gustavo Benítez Gautier, demandado y apelado. La Misma, demandante y apelada, *v.* El Mismo, demandado y apelante.

Núms. 8931, 8955.—*Sometidos:* Diciembre 1, 1944. *Resueltos:* Diciembre 12, 1944.

*Henry G. Molina,* abogado de la demandante, apelante y apelada;
*Gustavo Benítez Gautier, pro se* y *R. Rivera Zayas* y *G. Rivera
Cestero,* abogados del demandado, apelado y apelante.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tri-
bunal.

Estos dos recursos fueron vistos conjuntamente pues las
apelaciones se interpusieron contra la misma resolución.
Los hechos esenciales, suscintamente expuestos, son los si-
guientes:

La demandante al iniciar su acción de divorcio contra el
demandado, radicó una moción solicitando una pensión ali-
menticia, no para ella, sino para dos hijos de once y ocho
años de edad, habidos en el matrimonio. La corte, después
de celebrar una vista, fijó dicha pensión en $40 mensuales.
Posteriormente, a solicitud de la demandante, la pensión fué
aumentada a $60 y, al dictarse la sentencia de divorcio el
día 14 de diciembre de 1942 se volvió a aumentar a $70 men-
suales. Todos estos aumentos fueron concedidos a base de
la prueba practicada por las partes demostrativa de su si-
tuación económica en las distintas fechas en que se conce-
dieron.

Posteriormente, el 2 de abril de 1943, el demandado soli-
citó, por moción radicada dentro del mismo pleito de divor-
cio, que se rebajara la pensión a $45 y la corte, después de
oír a las partes y apreciar la prueba presentada, denegó di-
cha moción.

El 4 de enero de 1944 la demandante radicó, también en
el mismo caso de divorcio, otra moción solicitando se aumen-
tara a $125 mensuales la pensión para sus hijos menores de
edad. El demandado se opuso y celebrada una vista en la

cual se presentó prueba, la corte dictó resolución cuya parte dispositiva dice así:

"Por las razones expuestas, se fija en $100 mensuales la pensión alimenticia de los menores Gustavo José y María Luisa (Marilú) Benítez López; pero habiéndose demostrado que el demandado gasta mensualmente la suma de $15 en regalos para sus hijos, tales como efectos escolares, zapatos, ropa, etc., se resuelve que de la referida pensión el demandado únicamente tendrá la obligación de depositar en esta Corte la cantidad de $85, la que deberá depositar a disposición de la demandada dentro de los cinco primeros días de cada mes, comenzando con el mes de abril entrante; y disponiéndose, además, que los $45 por concepto del aumento correspondiente a los meses de enero, febrero y marzo de este año serán abonados por el demandado, juntamente con la pensión, a razón de $15 mensuales a partir del día 1º del citado mes de abril."

Como hemos dicho, ambas partes apelaron. Empero, la demandante limita su recurso a atacar aquel extremo de la resolución que permite al demandado invertir personalmente $15 de la pensión "en regalos para sus hijos, tales como efectos escolares, zapatos, ropa, etc.". Somos de opinión que, de acuerdo con la apreciación que de la prueba hizo la corte inferior y las circunstancias concurrentes en este caso, no abusó de su discreción al permitir que al demandado como padre de los dos hijos habidos en el matrimonio, se le permitiera invertir personalmente $15 de los $100 de la pensión mensual asignada. Desde luego que si se probare en cualquier momento que el demandado no está cumpliendo con esta parte de la resolución la corte siempre podría enmendarla y ajustarla a los hechos probados. Debe desestimarse el recurso número 8931 establecido por la demandante.

En el recurso número 8955 del demandado se plantean dos cuestiones: 1, que la corte inferior carecía de jurisdicción para aumentar la pensión alimenticia fijada como alimentos provisionales dentro del procedimiento de divorcio y 2, que la corte al apreciar la prueba lo hizo con pasión, prejuicio y parcialidad y erró al aumentar la pensión a $100 mensuales.

Los casos[1] que cita el apelante para sostener la cuestión jurisdiccional no son aplicables al de autos. Todos ellos se refieren a las medidas provisionales, mientras se sustancia y se decide el juicio de divorcio, en relación con alimentos para la esposa o con la custodia de los hijos. En el presente caso no está envuelta ninguna de estas cuestiones pues como hemos dicho la pensión alimenticia, desde su origen, se pidió para los hijos menores de edad. El apelante no ha citado caso alguno, y ninguno hemos encontrado nosotros, en el cual se haya resuelto que la corte pierde su jurisdicción para aumentar o disminuir una pensión alimenticia concedida para unos hijos, dentro de la acción de divorcio, por el hecho de que se haya dictado sentencia en dicho caso y ésta sea firme.

Por el contrario, aún en relación con la custodia de los hijos en el caso de *Chardón* v. *Corte,* 45 D.P.R. 621, 625, dijimos lo siguiente:

"Que una corte, después de dictar un decreto de divorcio, retiene jurisdicción posteriormente para dictar las órdenes necesarias o apropiadas en relación con la custodia de los hijos o para modificar de cuando en cuando, en armonía con los cambios de circunstancias, las órdenes previamente dictadas, es cuestión que ahora no está sujeta a duda en otras jurisdicciones americanas y que hasta ahora no parece haber sido puesta en tela de juicio ante este tribunal. La existencia de tal facultad fué asumida, aunque no parece haberse levantado ninguna cuestión en relación con la misma, en *Blanco* v. *Hernández,* 32 D.P.R. 22, y en *Ex parte Maldonado,* 42 D.P.R. 867. En el caso de Blanco en que a la madre, demandante en una acción de divorcio, se había concedido la custodia del hijo y el padre había apelado de una sentencia que le privaba de la posesión del menor en un auto de hábeas corpus y lo restituía a la custodia de la madre, dijimos: 'El apelante no tenía derecho a tomar la ley por sus propias manos, sino que debió haber hecho la debida solicitud a la corte para la custodia del niño si habían surgido circunstancias que cambiaban las condiciones en la fecha de la sentencia de divorcio'.

(1)*Ex Parte Axtmayer* v. *Pueblo,* 19 D.P.R. 399; *Manrique de Lara* v. *Garrosi,* 23 D.P.R. 409; *Auge* v. *Solosse,* 31 D.P.R. 879; *Vilaró* v. *Puig,* 59 D.P.R. 578.

En ausencia de cualquier razón convincente para que lleguemos a una conclusión distinta, resolvemos que aquí, al igual que en otras partes, las cortes de distrito pueden en una moción presentada después de dictada sentencia de divorcio, dictar cualquier orden relativa a la custodia de los hijos que pueda ser librada en una acción independiente incoada con tal fin.''

Y aún tratándose de una pensión alimenticia para la esposa, en el caso de *Puigdollers* v. *Monroig,* 14 P.R.R. 782, se resolvió, copiando el resumen, que ''La Corte de Distrito que asigna una pensión alimenticia tiene jurisdicción para revocarla o modificarla, cuando de acuerdo con el artículo 177 del Código Civil las circunstancias lo justifiquen, y esto puede pedirse *por medio de una moción en el pleito principal, sin que sea necesario entablar una demanda para ese objeto.''* ( Bastardillas nuestras.)

Esta doctrina fué ratificada en el caso de *Díaz* v. *Corte,* 55 D.P.R. 421.

Hemos resuelto, además, que ''la naturaleza de los alimentos es siempre provisional o transitoria, mientras subsiste la situación que lleva a la corte a concederlos'', y que ''Bien se decida el caso por moción [dentro del pleito] ya siguiendo el trámite del juicio de desahucio o el del procedimiento ordinario, *la corte conserva su facultad para juzgar de nuevo el asunto* a virtud de la nueva situación que puedan crear las circunstancias que surjan en el futuro''. *Sacarello* v. *Rubio,* 44 D.P.R. 883, 886, 887. (Frase en corchete y bastardillas nuestras.)

Es más, en el caso de *Ferrer* v. *Guillén,* 35 D.P.R. 1006–07 expresamente resolvimos que ''la petición de alimentos para los hijos . . . [radicada después de dictada sentencia de divorcio y estando pendiente la apelación interpuesta contra ella] no está comprendida entre las medidas provisionales'' mencionadas en el capítulo del Código Civil que trata de las medidas provisionales a que pueda dar lugar el juicio de divorcio y, por tanto, la resolución que los concede puede ser apelada porque es una providencia especial dictada después

de sentencia definitiva de la corte. (Materia en corchetes nuestra.)

Por lo expuesto, forzoso es concluir que la corte inferior tenía jurisdicción para resolver la moción de la demandante solicitando aumento en la pensión alimenticia para sus hijos no obstante ser firme la sentencia de divorcio. El poder de *parens patriae* que tiene la corte para velar por el bienestar de los hijos menores de edad lo mismo puede ejercitarlo dentro del mismo pleito de divorcio que en una acción independiente y separada. No se cometió el primer error señalado.

Tampoco los que se refieren a la apreciación de la prueba. Hemos estudiado detenidamente la transcripción de la evidencia elevada y nada encontramos en ella que justifique la imputación de que la corte sentenciadora, al apreciar dicha prueba, actuó movida por pasión, prejuicio y parcialidad.

*Debe desestimarse el recurso número 8955 y confirmarse la resolución apelada.*