ROGELIO RODRÍGUEZ MOLINA, peticionario, *v.* TRIBUNAL DE DISTRITO DE SAN JUAN, HON. A. R. BARCELÓ, JUEZ, demandado.

Núm. 1856.—*Sometido:* Julio 12, 1950. *Resuelto:* Julio 28, 1950.

*Benicio Sánchez Castaño* y *R. Rivero Cervera,* abogados del peticionario; *Jorge F. Romany* y *A. Ortiz Toro,* abogados de la interventora, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Expedimos el auto de *certiorari* en el presente caso para revisar una orden dictada por el Tribunal de Distrito de San Juan el 8 de mayo de 1950, a virtud de la cual ordenaba al aquí peticionario, so pena de desacato, continuar depositando en la secretaría de dicho tribunal la cantidad de $108 en concepto de pensión alimenticia para su ex esposa y dos hijas menores de edad, no obstante haberse dictado y ser firme la sentencia de divorcio en la acción en que dicha pensión había sido fijada como alimentos provisionales para la esposa demandante y sus hijas. Los hechos son los siguientes:

Eusebia Carrión radicó el 30 de septiembre de 1948 demanda de divorcio contra Rogelio Rodríguez solicitando a la vez alimentos provisionales para ella y sus dos hijas los cuales después de varias vistas fueron fijados en $25 semanales por resolución dictada el día 22 de abril de 1949. La demanda de divorcio fué declarada con lugar el día 15 de marzo de 1950 y nada se dispuso en ella en cuanto a alimentos permanentes. El día 26 de abril de 1950, siendo firme ya la sentencia de divorcio dictada, la demandante radicó una moción de desacato en la cual expuso que el demandado se había negado a pasarle a sus dos hijas la cuantía de alimentos fijada por la resolución dictada el día 22 de abril de 1949, y que adeudaba los meses de marzo y abril de 1950. Celebrada una vista el día 8 de mayo de 1950, en la misma fecha el tribunal inferior dictó una orden dirigida al demandado para que depositara los $200 de alimentos que debía y modificando la resolución dictada el 22 de abril de 1949 fijó la misma en $108 mensuales a ser depositados en la secretaría de dicho tribunal por mensualidades adelantadas para beneficio de la madre y sus dos hijas.

■ Alega el peticionario que erró el tribunal inferior al "concluir que los alimentos provisionales que en 22 de abril de 1949 fueron concedidos a Doña Eusebia Carrión y sus hijas, mientras se resolvía el pleito de divorcio a tenor con el artículo 100 de nuestro vigente Código Civil, continuaban subsistentes después de concluído el caso y ser la sentencia firme, a pesar de que la Corte no hizo ningún pronunciamiento en la sentencia final dictada, en relación con los futuros alimentos para la ex esposa y sus hijas." Tiene razón, en parte, a nuestro juicio.

El artículo 100 del Código Civil, ed. de 1930, dispone, entre las medidas provisionales que se pueden tomar en lo que se decreta el divorcio, que "Si la mujer no contase con suficientes recursos propios para vivir durante el juicio, la corte de distrito ordenará al marido que le pase una pensión alimenticia en proporción de los bienes de éste."

Hemos resuelto, sin embargo, que esta pensión alimenticia provisional para la esposa durante la tramitación del divorcio cesa tan pronto se convierte en firme la sentencia que se dicte en dicha acción. *Frau* v. *Canals,* 4 D.P.R. 388 (1ra. ed.), 215 (2da. ed.); *Auge* v. *Solosse*, 31 D.P.R. 879; cf. *Vilaró* v. *Puig*, 59 D.P.R. 578. Al mismo efecto se ha resuelto en Loüisiana interpretando el artículo 148 del Código Civil de dicho estado.(¹) *Bienvenue* v. *Bienvenue*, 172 So. 516 (La., 1937) y casos en él citados.

■ El caso de *López* v. *Benítez*, 64 D.P.R. 282, citado por la interventora, es fácilmente distinguible e inaplicable al de autos. En aquél se trataba de una pensión alimenticia concedida para unos hijos menores de edad, exclusivamente, y no para la madre y los hijos como en el presente y resolvimos que la corte bajo su poder de *parens patria* conservaba jurisdicción, aun después de dictada la sentencia de divorcio, para aumentar o rebajar los alimentos concedidos a los hijos.

. (¹) El artículo 100 de nuestro Código Civil fué tomado del 148 del de Louisiana. Véase Anotaciones al Código Civil de Puerto Rico, Libro Primero, por Luis Muñoz Morales, págs. 283, 287.

En el presente caso la dificultad estriba en que, no habiéndose determinado por la corte qué parte de los $108 mensuales (o $25 semanales anteriores) correspondía a la madre como alimentos provisionales, no estamos en condiciones de resolver, como nos pide la interventora, que asignemos dos terceras partes a las hijas y así modificada confirmemos la orden recurrida. Es éste un deber que corresponde al tribunal inferior.

*En su consecuencia, procede dejar sin efecto la orden recurrida y devolver el caso para ulteriores procedimientos.*