GLADYS SANTIAGO DE BATLLE, demandante y apelada *v.* SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y apelante.

Número 11102.
*Sometido:* 2 de abril de 1954.  *Resuelto:* 28 de mayo de 1954.

*Hon. Secretario de Justicia, José Trías Monge* y *Juan Pedrosa, Jr., Procurador Auxiliar,* abogados del apelante; *G. Santiago Fortis,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR SNYDER emitió la opinión del tribunal.

La cuestión que presenta este caso es si una señora separada de su esposo y que vive con la hija de dicho matrimonio, de cuatro años de edad, tiene derecho a la exención personal de $2,000 provista para el "jefe de familia" en la sec. 18(*b*) de la Ley de Contribuciones sobre Ingresos, según fué enmendada por el art. 4 de la Ley Núm. 433, Leyes de Puerto Rico, 1947 ((1) pág. 889).[1]

---

[1] La sec. 18(*b*) no define el "jefe de familia". El art. 181 del Reglamento núm. 1 de Contribuciones sobre Ingresos es sustancialmente similar a su equivalente del Reglamento Federal. Prescribe así:

*"Exención Personal como Jefe de Familia.*—Jefe de familia es todo individuo que de hecho mantenga en una casa una o más personas estre-

Gladys Santiago de Battle recibió una notificación de deficiencia en su contribución de ingresos para 1948 por el fundamento de que ella no tenía derecho a la exención de $2,000 provista en la sec. 18(b). Luego de un juicio en los méritos, el Tribunal Superior dictó sentencia a favor de la demandante ordenándole al Secretario de Hacienda que le concediera dicha exención. El Secretario ha apelado de la sentencia del Tribunal Superior.

■■ En 1947 la contribuyente fué abandonada por su esposo, traspasándole éste a su nombre la casa propiedad del matrimonio y en la cual vivían. La demandante siguió viviendo allí con su hija nacida en 1944. En 1950 la contribuyente y su esposo se divorciaron por la causal de separación.

En 1948, dentro del pleito de divorcio, se ordenó al esposo que le pasara a la demandante a partir del 1ro. de noviembre de 1947 la suma global de $200 al mes para alimentos de ésta y de su hija. En febrero de 1948 la contribuyente empezó a trabajar en el gobierno federal con un sueldo anual de $2,840. Entonces el esposo obtuvo una resolución de la corte rebajando los alimentos a partir del 1ro. de abril de 1948 a $150 mensuales mientras la contribuyente estuviera

chamente relacionadas con él por parentesco, por matrimonio o por adopción, y cuyo derecho a ejercer control familiar y a mantener a dichos dependientes se base en alguna obligación moral o legal. En ausencia de una efectiva residencia conjunta el que una persona con parientes dependientes sea o no jefe de familia dentro del significado del estatuto, debe depender de la naturaleza de separación. Si un padre está ausente por negocios, o un hijo u otro dependiente está fuera en colegio o en una visita, manteniéndose aún el hogar común, es de aplicación la exención adicional. Si por las circunstancias un padre se ve obligado a mantener a sus hijos dependientes viviendo con parientes o en una casa de huéspedes mientras está en otro sitio, la exención adicional todavía es de aplicación. Por el contrario, si, sin tener necesidad para ello, el dependiente continuamente vive en otro sitio, su protector no es jefe de la familia, independientemente de la cuestión de la manutención. Un residente que no es ciudadano de Puerto Rico con hijos fuera del país no tiene derecho por esto al crédito como jefe de familia. En cuanto al importe de la exención véase el art. 180."

Esta exención fué eliminada de la Ley Federal en 1944. Véase 5 Mertens, *Law of Federal Income Taxation*, sec. 32.09, pág. 587.

recibiendo dicho sueldo. Como resultado de esto, durante el 1948, la contribuyente recibió un total de $1,950 de su esposo para alimentos suyos y de su hija. Durante dicho año ella recibió en sueldos la suma de $2,130.03.

La corte sentenciadora concluyó que, dividiendo los gastos generales de la contribuyente y de su hija entre dos y añadiéndole a la porción de la hija sus gastos personales de $402 al año, los gastos de 1948 atribuíbles a la menor eran $1,960.20. El padre pagó $200 mensuales durante los tres primeros meses de 1948 para alimentos tanto de la contribuyente como de la menor. Ambas partes convienen en que dicha suma debe ser dividida por igual entre ellas, resultando en $300 para la niña. Durante los últimos nueve meses, el padre pagó $150 mensuales. El Tribunal Superior en este caso también dividió dicha suma por igual entre la madre y la menor, concluyendo que a ésta correspondían $675. A tenor con este método de calcular, el padre pagó un total de $975 para gastos de la menor durante 1948, los que hemos visto ascendían a $1,960.20. Por consiguiente la contribuyente pagó más de la mitad de los alimentos de la menor durante ese año, toda vez que ganó y gastó $2,130.03.

Si la demandante contribuyó más de la mitad de los alimentos de la menor para 1948, claramente tiene derecho bajo las circunstancias de este caso a una exención personal como jefe de familia. *Office Decision* 75, *Cumulative Bulletin* 4, pág. 214; G. C. Memorandum 10431, *Cumulative Bulletin*, XI-1, pág. 37; *Kallick* v. *Commissioner*, 45 B.T.A. 992 (1941); *Loyless* v. *Commissioner*, 40 B.T.A. 600, 603 (1939); *Mack* v. *Commissioner*, 37 B.T.A. 1101 (1938); 5 Mertens, *supra*, pág. 588 *et seq.* Sin embargo, el Secretario de Hacienda arguye que la contribuyente de hecho no contribuyó en más de la mitad de dichos alimentos. Su posición es que cuando la corte rebajó los alimentos que le pagaba el padre de $200 a $150, debió querer decir que en adelante $100 eran para la menor y $50 eran para la madre en virtud de su manifestación de que la suma así rebajada sería pagada mien-

tras la madre estuviera percibiendo un sueldo. Bajo esta. teoría, el total contribuído por el padre a los alimentos de la niña ascendente a $1,960.20 para 1948 serían $1,200, o sea, más de la mitad contribuída por el padre y no por la madre.

No estamos conformes con el Secretario de Hacienda. El padre venía obligado a pasarle alimentos tanto a la madre como a la hija; además, la madre tenía el deber de alimentar a su hija. Cuando la madre obtuvo una colocación, la corte en el procedimiento de divorcio concluyó que el marido tenía derecho a una rebaja de la suma que él tenía que pagar para alimentos de la menor y de la madre. En ausencia de una resolución de la corte en contrario, la suma reducida—$150 mensuales—debe continuar siendo dividida por igual entre la madre y la menor. En consecuencia la contribuyente tenía derecho a la exención porque ella contribuyó en más de la mitad de los alimentos de la menor en 1948.

En virtud de lo antes expuesto, es innecesario considerar la contención de la contribuyente, con la cual el Tribunal Superior convino en un dictum, al efecto, de que aún a tenor con las cifras del Secretario de Hacienda demostrativas de que la contribuyente pagó aproximadamente el 40 por ciento de los alimentos de la menor durante 1948, aquélla tenía derecho bajo todas las circunstancias a la exención aquí envuelta. *Cf. Mack* v. *Commissioner*, supra; *Massengale* v. *Commissioner*, 2 T.C. 328 (1943); *Carson* v. *Commissioner*, 47 B.T.A. 163 (1942); *Margaret F. Sutton*, 1944 T.C. *Memorandum Decisions* 1418.

*La sentencia del Tribunal Superior será confirmada.*

El Juez Asociado Sr. Ortiz no intervino.