CARMEN CELESTINA DE LOS DOLORES CASTRILLO, demandantes y recurridos, *v.* ETIENNE PALMER, demandado y recurrente.

*Número:* R-69-248        *Resuelto:* 13 de septiembre de 1974

*Florencio G. Vega Díaz,* abogado del recurrente; *Lino Padrón,* abogado de los recurridos.

El Juez Asociado Señor Torres Rigual emitió la opinión del Tribunal.

Expedimos el auto en el presente caso para revisar la sentencia dictada por el tribunal de instancia declarando con lugar la demanda de cobro de dinero y ordenando al recurrente a pagar a las recurridas la cantidad de $10,400 por concepto de pensiones alimenticias atrasadas. El examen que hemos efectuado de los hechos pertinentes del caso y del derecho aplicable nos convence que debemos modificar la sentencia eliminando de la misma la porción que corresponde a la recurrida Dolly Castrillo.

Aparece de los autos que el recurrente Etienne Palmer y la recurrida Dolly Castrillo se divorciaron el 18 de agosto de 1949. Cinco meses antes de dictada la sentencia de divorcio ellos estipularon una pensión alimenticia de $50.00 mensuales para Dolly y su hija María de las Mercedes. El recurrente pagó la pensión estipulada hasta el mes de agosto de 1953. De ahí en adelante cesó el pago sin que la recurrida hiciera gestión alguna hasta 14 años después, en el 1967, cuando instó la demanda en cobro de dinero en el caso de autos.

La sentencia de divorcio dictada en el 1949 dispuso sobre la custodia y la patria potestad de la entonces menor de edad María de las Mercedes. Nada dispuso, sin embargo, con respecto a los alimentos. Conviene señalar que para esa fecha no era requisito de ley que al dictarse sentencia de divorcio se proveyera sobre los alimentos. La obligación de imponer una pensión alimenticia en beneficio de los menores en el matrimonio se incorporó en el Art. 107 del Código Civil mediante la aprobación de la Ley Núm. 112 de 25 de abril de 1950, 31 L.P.R.A. sec. 383.

Con respecto a la recurrida Dolly Castrillo la estipulación acordada antes del divorcio se refería a los alimentos *pendente lite* que, como sabemos, son de carácter provisional y cesan al ser firme la sentencia de divorcio, *Rodríguez* v. *Tribunal de Distrito*, 71 D.P.R. 773 (1950). Por eso, tan pronto

se dictó la sentencia de divorcio en agosto de 1949, la porción de la pensión estipulada correspondiente a Dolly Castrillo dejó de tener eficacia legal. De haber sido necesario una pensión alimenticia para ella, era indispensable que así la reclamase ante el tribunal de instancia para que se asignase de los ingresos del recurrente una cantidad discrecional, *Meléndez* v. *Tribunal Superior*, 77 D.P.R. 535 (1954). Al no hacerlo así, cesó la obligación del recurrente de continuar pasando la pensión por no estar pendiente el litigio. En tanto en cuanto la sentencia del tribunal de instancia reconoce con posterioridad a la sentencia de divorcio eficacia legal a la pensión *pendente lite* estipulada a favor de Dolly Castrillo, la misma es errónea y debe modificarse.

■ La situación es distinta con respecto a la recurrida María de las Mercedes Palmer Castrillo. La obligación del recurrente como padre de proveerle alimentos a ésta no se alteró con la sentencia de divorcio. Su obligación filial es uniforme antes y después de dictada la sentencia. La estipulación en cuanto a ella concierne tiene el carácter de un contrato que trasciende las incidencias del pleito de divorcio. No tiene importancia el hecho de que el tribunal de instancia no fijara una pensión alimenticia para ella en la sentencia de divorcio. Como apuntamos anteriormente, la ley vigente en esa fecha no requería que lo hiciera. La reclamación de ella se basa, no en la sentencia de divorcio, sino en la estipulación que su padre voluntariamente pactó y que el tribunal de instancia debidamente aprobó.

■ No es necesario devolver el caso para que el tribunal de instancia fije la proporción que le corresponde a cada una de las recurridas en la pensión de $50.00 mensuales. En ausencia de prueba en contrario dicha cantidad debe ser dividida en partes iguales, *cf. Santiago* v. *Secretario de Hacienda*, 76 D.P.R. 620 (1954).

■ El recurrente se queja de que el tribunal de instancia computó la pensión atrasada desde agosto de 1953 hasta

la fecha del juicio el 29 de abril de 1969 aduciendo que debió computarse hasta septiembre de 1968, fecha en que María de las Mercedes llegó a la mayoría de edad. Es cierto que María de las Mercedes llegó a la mayoría de edad en septiembre de 1968, pero el recurrente debió haber levantado la cuestión ante el tribunal de instancia y no por primera vez en apelación. *García* v. *Acevedo*, 78 D.P.R. 611 (1955). No obstante, como la sentencia de alimentos no constituye cosa juzgada, el recurrente puede en cualquier momento acudir al tribunal de instancia para eliminar la misma si es que su hija ya no los necesita por haber alcanzado la mayoría de edad.

Se dictará sentencia *modificando la sentencia recurrida a los fines de eliminar la porción que concierne a la recurrida Dolly Castrillo y de computar la pensión de María de las Mercedes Palmer Castrillo a base de $25.00 mensuales, lo cual reflejaría una cantidad total de $4,700. En consecuencia, la cantidad a ser pagada por el recurrente a la recurrida María de las Mercedes Palmer Castrillo se reducirá de $10,400 a $4,700.*