TEXTO COMPLETO DE LA SENTENCIA
La Sa. Ruth Nogues Whitcones (Sa. Nogues) solicita la revisión de la resolución emitida el 14 de julio de *988 1998 por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante dicho dictamen el Tribunal recurrido determinó que la pensión alimentaria pende-lite acordada por la partes tenía un alcance de duración hasta el mes de noviembre de 1996. Además determinó que el Sr. Enrique Blanco (Sr. Blanco) había cumplido fielmente con el pago de dicha pensión. Por otro lado, añadió que, en cuanto a los remedios provisionales y medidas cautelares solicitadas por la Sa. Nogues, ella había desistido en ese momento de su solicitud para que se nombrara un síndico.
Por los fundamentos que pasamos a exponer se expide el auto de certiorari solicitado y se confirma en parte y se revoca en parte la resolución recurrida.
I
El recuento procesal del presente caso, el cual es de amplio conocimiento de ambas partes, surge de la sentencia emitida el 31 de marzo de 1998 por el Tribunal Supremo. No obstante, para atender la controversia ante nuestra consideración en su justa perspectiva es necesario repasar los hechos pertinentes que culminaron en la referida sentencia del Tribunal Supremo.
El Sr. Blanco y la Sa. Nogues acordaron, como parte de su pleito de divorcio ventilado ante el Tribunal de Primera Instancia, que el Sr. Blanco pagaría a la Sa. Nogues una pensión alimentaria pende-lite ascendiente a $5,000.00 mensuales, más, entre otros, los gastos del hogar. Por otro lado, la Sa. Nogues también solicitó remedios provisionales en protección de los bienes pertenecientes a la sociedad de gananciales.
Luego de que se desataran varias controversias relacionadas con el alcance y extensión de la pensión pende-lite acordada por las partes y con la solicitud de remedios provisionales, el 31 de marzo de 1998 el Tribunal Supremo emitió la referida sentencia. En la misma ordenó al Tribunal de Primera Instancia celebrar una vista evidenciaría en la cual debía determinar cuál fue la estipulación acordada por las partes referente a la pensión alimentaria, sus condiciones y su alcance. En específico, el Tribunal de Primera Instancia tenía que dirimir la credibilidad sobre lo estipulado y determinar si la intención de las partes al acordar tal pensión era que la misma estuviera en vigor hasta que se divorciaran las partes, como alega la Sa. Nogues o, por el contrario, si la pensión era sólo para mantener el status quo económico en lo que la Sa. Nogues tuviera el control de la mitad de las cuentas bancarias congeladas, como alega el Sr. Blanco. Además, el tribunal recurrido tenía que determinar si, efectivamente, el Sr. Blanco había cumplido con el pago de la pensión alimentaria hasta el mes de noviembre de 1996. De otra parte, el Tribunal Supremo ordenó al tribunal recurrido a dilucidar, previo a la celebración de la vista en su fondo, si procedía la adopción de medidas cautelares en protección de los bienes gananciales.
En razón de ello, el 10 de junio de 1998 el foro recurrido celebró una vista a tales efectos. En cuanto a la controversia existente referente a la pensión alimentaria, el Tribunal de Primera Instancia recibió el testimonio de ambas partes. En relación con las medidas cautelares, en específico, la Sa. Nogues desistió de su solicitud para nombrar un síndico habida cuenta de que las partes acordaron que se nombraría un contador público que representaría a la Sa. Nogues y llevaría a cabo, en su nombre, toda transacción a la cual ella tendría derecho como copropietaria de acciones en distintas corporaciones en donde la sociedad de gananciales tiene intereses.
Luego de finalizada la anterior vista, el tribunal recurrido emitió una resolución en la cual determinó que la intención de las partes fue al efecto de que la pensión estaría vigente hasta noviembre de 1996. Aclaró que la misma vencía en esa fecha, ya que para principios del mes de diciembre la Sa. Nogues obtendría el control de la mitad del dinero existente en unas cuentas bancarias y en unos certificados de depósitos que estaban congelados, lo que en efecto ocurrió, según lo previsto, para el 4 de diciembre de 1996, recibiendo la Sa. Nogues alrededor de un millón de dólares. Además, el foro recurrido determinó que el Sr. Blanco había cumplido fielmente con el pago de la pensión estipulada hasta la fecha de su vigencia, el 30 de noviembre de 1996. No obstante, dicho foro hizo varias expresiones relacionadas con la totalidad de los bienes gananciales, la cuantía de éstos, la totalidad de los bienes líquidos gananciales y su cuantía. En específico, el tribunal a quo determinó que: (1) la mayoría del dinero ganancial estaba contenido en los certificados de depósitos que vencían el 4 de diciembre de 1996; (2) la mitad de los bienes líquidos de la sociedad de gananciales ascendía a $1,000,000.00; (3) la Sa. Nogues recibió la mitad de los bienes líquidos de la sociedad de gananciales *989 y (4) todo el dinero de la sociedad de gananciales estaba contenido en las cuentas bancarias congeladas.
Por otro lado, en cuanto a la solicitud de nombramiento de un síndico, el Tribunal de Primera Instancia determinó que habida cuenta del acuerdo llegado por las partes referente al nombramiento de un contador, la Sa. Nogues desistía en ese momento de su solicitud para que se nombrara un síndico.
No conforme con el anterior dictamen, la Sa. Nogues presentó el presente recurso, alegando como errores del tribunal recurrido el determinar que la intención de las partes era que la pensión estuviera vigente hasta noviembre de 1996, al hacer las expresiones anteriormente mencionadas relacionadas con la cuantía de los bienes gananciales habida cuenta de que en la vista no se desfiló prueba al respecto y al determinar que la Sa. Nogues había desistido de su solicitud para que se nombrara un síndico. 
II
Como regla general, las pensiones pende-lite rigen hasta que sea firme la sentencia de divorcio. Castrillo v. Palmer, 102 D.P.R. 460 (1974); Rodríguez v. Tribunal Distrito, 71 D.P.R. 773 (1950). No obstante, cuando las partes acuerdan una pensión estipulada, dicho acuerdo sustituye la aplicación del ordenamiento genérico del Código Civil, Nogues v. Blanco, sentencia del 31 de marzo de 1998 del Tribunal Supremo, y la pensión no se tiene que acoger a los principios estatutarios. Magee v. Alberro, 126 D.P.R. 228 (1990). Por tanto, las partes, dentro de una estipulación de pensión alimentaria pende-lite, pueden variar la fecha de vigencia de la misma a una anterior a la fecha en que adviniera firme la sentencia de divorcio. Además, las pensiones que sean producto de una estipulación entre las partes no pueden atacarse colateralmente y quien se obligó no puede negarla. López Gómez v. Tribunal Superior, 103 D.P.R. 866 (1975); Valdés v. Hastrup, 64D.P.R. 595 (1945).
En el caso ante nuestra consideración, las partes estipularon una pensión alimentaria pende-lite. En razón de ello, no son los principios estatutarios los que regulan dicha estipulación y sí los términos del acuerdo. Nogues v. Blanco, supra; Magee v. Alberro, supra. Por consiguiente, las partes en el presente caso podían estipular una fecha de vigencia de la pensión anterior a la fecha en que la sentencia de divorcio fuera firme.
A tenor con lo anterior y en cumplimiento con lo ordenado por el Tribunal Supremo, el tribunal recurrido celebró una vista evidenciaría para determinar el alcance y extensión de la estipulación acordada por las partes, específicamente hasta cuándo era la vigencia de la misma.
Surge de la resolución emitida por el Tribunal de Primera Instancia que éste consideró los testimonios de ambas partes para llegar a la anterior determinación. En específico, expresó que la Sa. Nogues había testificado que la pensión estaría vigente hasta que se decidiera lo que le pertenecía a ella, para de esa forma ella saber con lo que contaba para vivir. El tribunal también dio peso al testimonio del Sr. Blanco referente a que la pensión estaría vigente hasta que se decretara el divorcio, el cual estaba pautado para el 2 de diciembre de 1996. Luego de aquilatar la prueba presentada, considerar ambos testimonios y apreciar el valor probatorio de los mismos relacionados con la credibilidad de lo estipulado, el tribunal recurrido determinó que la intención de las partes fue al efecto de que la pensión estaría vigente hasta noviembre de 1996 habida cuenta de que a principios de diciembre de ese año la Sa. Nogues obtendría el control, como en efecto obtuvo, de la mitad del dinero contenido en unas cuentas bancarias y en unos certificados de depósitos congelados, ascendente a más de $1,000,000.00.
Es norma claramente establecida que un tribunal revisor no intervendrá con la apreciación de la prueba hecha por un tribunal de instancia en ausencia de pasión, prejuicio, parcialidad o error manifiesto. Mientras las conclusiones del Tribunal de Primera Instancia estén apoyadas en la prueba desfilada, el tribunal revisor no intervendrá con tales conclusiones excepto que se demuestre pasión, prejuicio, parcialidad o error manifiesto. Flores Santiago v. Domínguez, _ D.P.R. _ (1998), 98 J.T.S. 96; Orta v. Padilla, _ D.P.R. _ (1995), 95 J.T.S. 21; Rodríguez v. Machado, _ D.P.R. _ (1994), 94 J.T.S. 82; Torres Ortiz v. Plá, 123 D.P.R. 637 (1989).
*990 De un examen de la resolución del Tribunal de Primera Instancia y haciendo alusión a la transcripción de la vista evidenciaría efectuada el 10 de junio de 1998 ante dicho tribunal , es evidente que las conclusiones hechas por éste, relacionadas con la vigencia de la pensión estipulada, están apoyadas por la prueba presentada en la vista. Además, la Sa. Nogues no nos ha convencido de que el foro recurrido haya incurrido en pasión, prejuicio, parcialidad o error manifiesto alguno que justifique nuestra intervención con las conclusiones realizadas por éste. En razón de ello, no estamos autorizados a intervenir con la apreciación de la pmeba hecha en este caso por el Tribunal de Primera Instancia. Orta v. Padilla, supra; Rodríguez v. Machado, supra; Torres Ortiz v. Plá, supra.
Ahora bien, las expresiones del tribunal recurrido relacionadas con la totalidad y cuantía de los bienes gananciales son improcedentes. El señalamiento a vista para el 10 de junio de 1998, según consta de la orden emitida el 26 de mayo de 1998 por el Tribunal de Primera Instancia , establece específicamente los asuntos a dilucidarse en dicha vista. Estos eran: (1) efectuar una "(v)ista evidenciaría para dirimir credibilidad de ambas partes en cuanto al alcance de la estipulación de la pensión alimentaria pendente lite"’, (2) "(v)eríficar el cumplimiento del demandado a la pensión alimentaria pendente lite estipulada" y (3) resolver "todos los incidentes relacionados a los remedios provisionales pendente lite y se tomarán las medidas cautelares que entendamos prudentes para proteger el haber ganancial, los cuales podrán incluir, entre otros, el nombramiento de un síndico administrador cuyos pagos por servicios será a cargo de la Sociedad de Gananciales para que tome posesión, administre y forme inventarío de todos los bienes de la sociedad ganancial y negocios en donde tenga interés dicha sociedad."
En dicha vista no podía hacerse inventario alguno de los bienes de la sociedad legal de gananciales, mucho menos hacer determinación alguna en cuanto a inventario y avalúo sobre los bienes de la sociedad legal de gananciales, ya que las partes a la fecha de la celebración de la referida vista y hasta el día de hoy continúan casados. Janer Vilá v. Tribunal Superior, 90 D.P.R. 274 (1964). 
Por último, nos resta atender la alegación de la Sa. Nogues al efecto de que el Tribunal de Primera Instancia erró al determinar que ella había desistido de su solicitud para el nombramiento de un síndico.
Examinada la resolución del tribunal recurrido, los escritos presentados por ambas partes y haciendo alusión a la transcripción no objetada de la vista celebrada el 10 de junio de 1998 sometida por el Sr. Blanco, es evidente que, como resultado del acuerdo entre las partes de que se nombraría un contador, la Sa. Nogues desistió de su solicitud al efecto de que se nombrase un síndico. No obstante, el foro recurrido aclaró en su resolución que tal desistimiento era "en este momento". Nada en dicho lenguaje impide a la Sa. Nogues, de estimarlo necesario, solicitar nuevamente el nombramiento de un síndico. Adviértase que los tribunales pueden nombrar un síndico para tomar posesión de los bienes que corresponden a la sociedad de bienes gananciales en cualquier estado del pleito de divorcio. Artículo 91 del Código Civil, 31 L.P.R.A. sec. 284; Nogues Whitcones v. Blanco, supra; Soto López v. Colón Méndez, 97 J.T.S. 74; Kantara v. Castro Montañez, _ D.P.R. _ (1994), 94 J.T.S. 4 (opinión concurrente de la Jueza Naveira de Rodón) ; Regla 56.1 de las de Procedimiento Civil vigentes, 32 L.P.R.A. Ap. III, R. 56.1.
Por los fundamentos antes expuestos este Tribunal expide el auto de certiorari solicitado y confirma al tribunal recurrido en cuanto a su determinación sobre la vigencia hasta el 30 de noviembre de 1996 de la pensión alimentaria estipulada por las partes. Además, deja sin efecto las conclusiones de hecho realizadas por dicho tribunal referente a la cuantía de la totalidad de los bienes gananciales y la de los bienes gananciales líquidos. Por otro lado determina que nada impide que la Sa. Nogues, de estimarlo necesario, solicite al Tribunal de Primera Instancia el nombramiento de un síndico para administrar los bienes gananciales.
Así lo acordó y manda el Tribunal y lo certifica la Señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General