RITA RODRÍGUEZ RODRÍGUEZ, recurrente, *v.* TOMÁS CARRERA GONZÁLEZ, recurrido.

*Número:* AC-95-43          *Resuelto:* 25 de enero de 1996

*Jesús R. Rabell Méndez*, abogado de la parte recurrente; *Marcos Rodríguez Frese*, abogado de la parte recurrida.

## SENTENCIA

### (Regla 54)

En el presente recurso la demandante peticionaria, Rita Rodríguez Rodríguez, solicita la revocación de una resolución del Tribunal de Circuito de Apelaciones, que atendió una solicitud de auxilio de jurisdicción del demandado recurrido Dr. Tomás Carrera González y paralizó los efectos de una orden emitida por el Tribunal de Primera Instancia.([1]) En la misma fecha en que se interpuso el re-

---

([1]) El recurso adecuado es el de *certiorari*, no el de apelación. La paralización de los efectos de una orden del Tribunal de Primera Instancia es una providencia de naturaleza interlocutoria, por lo cual aplica el inciso (i) del Art. 3.002 de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22i(i)), y no los incisos (c) y (f),

curso ante nuestra consideración, 27 de diciembre de 1995, el Tribunal de Circuito de Apelaciones dictó una sentencia para resolver *en los méritos* la controversia planteada ante su consideración, pero no se archivó en los autos la copia de su notificación hasta el 29 de diciembre. El 9 de enero de 1996, la demandante peticionaria presentó una moción en auxilio de jurisdicción para alegar que la sentencia del Tribunal de Circuito de Apelaciones fue dictada sin jurisdicción.

## I

Resolvemos primero si la sentencia del Tribunal de Circuito es válida. Veamos.

El Art. 3.002(k) de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22i) establece, en lo pertinente, que "[l]a radicación de un auto de *Certiorari* ante el Tribunal Supremo no paralizará los procedimientos ante el Tribunal de Circuito de Apelaciones en *cuanto a cuestiones no comprendidas en el recurso*, pero éste no podrá dictar sentencia final, salvo una orden en contrario expedida *motu proprio* o a solicitud de parte por el Tribunal Supremo". (Énfasis suplido.) Plan de Reorganización de la Rama Judicial Núm. 1 de 28 de julio de 1994, Leyes de Puerto Rico, pág. 2809. Regla 20(n) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI.

Aunque la sentencia del Tribunal de Circuito de Apelaciones fue dictada en la misma fecha cuando ella interpuso su recurso ante nos, ciertamente *no* surtió efecto hasta archivarse en autos la copia de su notificación —Regla 46 de Procedimiento Civil, 32 L.P.R.A. Ap. III— o sea, el 29 de diciembre, cuando ya dicho foro carecía de jurisdicción para dictarla.[2]

---

invocados por la peticionaria. Dicha parte reconoce en el escolio 1, que puede considerarse el recurso como *certiorari* bajo en inciso (i) y la Regla 20(a) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI.

[2] Si bien desde un punto de vista técnico —posiblemente debido a cuestiones puramente burocráticas— la sentencia del Tribunal de Circuito no surtió un efecto

## II

Este caso ha sido objeto de una litigación intensa, caracterizada por la animosidad y el antagonismo de las partes. Expongamos sus antecedentes.([3])

El 24 de octubre de 1991, el doctor Carrera González presentó una demanda de divorcio por trato cruel contra la señora Rodríguez Rodríguez en el entonces Tribunal Superior, Sala de Bayamón (Caso Civil Núm. RF-91-4147). El 21 de enero de 1992 ella, a su vez, formuló una demanda de divorcio en la misma Sala, también por trato cruel (Caso Civil Núm. RF-92-0171). Para esa fecha todavía no había sido emplazada. Ambos casos fueron referidos ante la atención del Juez Hon. José R. Parés Martínez, quien el 7 de febrero los consolidó. El 13 de febrero, el tribunal celebró una vista y dispuso que la custodia provisional de los dos (2) hijos menores recaía en la madre, y ordenó un estudio social e inventario de los bienes. El 16 de marzo ordenó que el doctor Carrera González pagara cuatro mil dieciocho dólares ($4,018) mensuales para cubrir un préstamo hipotecario de un bien inmueble ganancial y dos mil dólares ($2,000) en concepto de alimentos, además del pago del colegio de los menores. El tribunal recomendó la *coadministración* del caudal ganancial.

El 15 de abril se suscitó un nuevo elemento de disputa sobre la custodia de los menores. El padre alegó que sus hijos se quejaban de presiones y maltrato de la madre y que y se requería un cambio urgente en la custodia. Solicitó, además, un estudio psicológico y que se reconsiderara la cuantía de alimentos. La madre replicó tales solicitudes, aduciendo que se trataba de imputaciones falsas, y que

---

jurídico, como veremos, en sus méritos, las cuestiones planteadas fueron correctamente adjudicadas.

([3]) Sus antecedentes son conocidos, pues habíamos intervenido en el pasado en este caso. El 14 de julio de 1993, la señora Rodríguez Rodríguez nos presentó el *certiorari* (CE-93-307). Dicho recurso fue objeto de numerosas resoluciones dictadas el 30 de julio, 28 de septiembre, 5 de noviembre y 10 de diciembre de 1993, y el 8 de abril y 15 de abril de 1994.

debía aumentarse la pensión y designarse un perito del tribunal. El 6 de mayo, el tribunal reiteró sus órdenes previas y señaló una conferencia para atender los remedios solicitados. En esa misma fecha, el doctor Carrera González informó que había retenido en su hogar al hijo menor.

Durante los meses subsiguientes, las partes presentaron varias mociones y el tribunal celebró vistas. Los menores solicitaron mediante una carta que se les brindara protección y se les permitiera continuar residiendo con el padre. La madre se allanó a que la custodia provisional se otorgara al padre, pero pidió el nombramiento de un perito psicólogo y un defensor judicial para los menores; solicitó alimentos *pendente lite* y los gastos de litigio. En atención a lo anterior, el tribunal entrevistó a los menores, ordenó al doctor Carrera González pagar mil quinientos dólares ($1,500) en alimentos para su esposa, los gastos escolares de los menores y el pago de la hipoteca del bien inmueble ganancial, así como el pago de sus responsabilidades gananciales; nombró también un perito del tribunal.

El tribunal adoptó una serie de providencias para asegurar los bienes gananciales. Dispuso que las compañías aseguradoras depositaran en la Secretaría del tribunal cincuenta y cinco por ciento (55%) de los servicios profesionales facturados por el doctor Carrera. Por otro lado, ordenó al Banco Central Hispano que remitiera a dicha Secretaría el cincuenta y cinco por ciento (55%) de los depósitos que Cruz Azul realizara acreditando pagos al doctor Carrera. Además, que del dinero consignado en el tribunal, se pagaran los cánones del arrendamiento financiero del vehículo que utilizaba la señora Rodríguez. Ordenó al doctor Carrera que pagara los honorarios del perito psicólogo.

El 29 de abril de 1993, la señora Rodríguez enmendó sus alegaciones y solicitó que se decretara el divorcio por separación. Pidió, además, el traslado del caso a San Juan. Esta solicitud le fue denegada en esa etapa de los procedimientos.

Con anterioridad a dicha fecha, la señora Rodríguez había acudido ante el extinto Tribunal de Apelaciones para impugnar la abstención del Tribunal Superior de atender una solicitud de desacato por un alegado incumplimiento del doctor Carrera con ciertas obligaciones gananciales. El 4 de mayo, el Tribunal de Apelaciones ordenó al tribunal a quo una inmediata intervención a fin de atender los asuntos relacionados con el supuesto desacato. El 17 de mayo, luego de ciertos trámites procesales de rigor, el tribunal de instancia concluyó que no existían razones justificadas en derecho para encontrar al doctor Carrera incurso en desacato.

Inconforme con la determinación, la señora Rodríguez recurrió ante nos e impugnó la determinación relativa al desacato del doctor Carrera. Solicitó, además, que se le aumentara la pensión pendente lite de mil quinientos dólares mil quinientos dólares ($1,500) a tres mil setecientos dólares ($3,700), de los cuales mil quinientos dólares ($1,500) correspondían al alquiler de un apartamento, otros mil quinientos dólares ($1,500) en alimentos, y setecientos ($700) para el alquiler de un automóvil. Concedimos la pensión solicitada hasta tanto se dilucidara el recurso interpuesto, por entender que el doctor Carrera tenía control administrativo y disfrute de los bienes gananciales. Eventualmente, denegamos el auto solicitado, empero, *dejamos vigente la pensión "pendente lite" que habíamos fijado en auxilio de jurisdicción.*

Continuaron los procedimientos en el Tribunal Superior. La vista en su fondo se celebró los días 1, 2 y 3 de febrero de 1994. Las partes debidamente representadas presentaron abundante evidencia testifical y pericial sobre la causal de divorcio, custodia y patria potestad de los menores. Al tercer día del juicio, el Hon. Juez José R. Parés Martínez se reunió en cámara con los menores y sus padres con el fin de persuadir a las partes para que llegaran a un acuerdo satisfactorio. La reunión no tuvo el efecto deseado.

De vuelta a los procedimientos en Sala, el representante legal del doctor Carrera solicitó la inhibición del Juez Parés Martínez por el motivo de unas expresiones que hiciera durante los procedimientos en Cámara relacionados con el derecho de la señora Rodríguez a una pensión de alimentos. Indicó que esas manifestaciones denotaban una inclinación a ver la prueba y juzgarla de manera predeterminada en menoscabo de los derechos de su representado. Luego de atender los planteamientos de ambas partes, el Hon. Juez Parés Martínez se inhibió y se abstuvo en los restantes asuntos del caso. Dictó una sentencia el 4 de marzo que resolvía las controversias previamente sometidas. Decretó el divorcio por la causal de *separación* y que la patria potestad de los menores recayera sobre ambos progenitores, y la custodia sobre el padre. En cuanto a los alimentos de la señora Rodríguez, *dejó vigente la pensión de alimentos "pendente lite" que había fijado este Tribunal Supremo en auxilio de jurisdicción hasta que otra cosa fuese resuelta.*

Con posterioridad a la vista en sus méritos, *ambas partes* trajeron a consideración del tribunal a quo que la vista para dilucidar la pensión de la señora Rodríguez no se había celebrado. No obstante, debido a una solicitud de traslado y que en el caso intervinieron varios jueces, no se atendió el reclamo del doctor Carrera, quien sostenía que el derecho que pudiera tener su ex esposa a recibir alimentos debía establecerse mediante la celebración de una vista evidenciaria.

El caso fue referido ante la atención de la Juez Hon. Amneris Martínez de Cuevas del Tribunal de Primera Instancia, Sala Superior de San Juan, quien dictó una resolución el 1ro de mayo de 1995 y rechazó los planteamientos del doctor Carrera. Le ordenó consignar, bajo apercibimiento de desacato, una pensión de tres mil setecientos dólares ($3,700) mensuales, más el por ciento de interés por atrasos a partir del 1ro de junio de 1994. El doctor

Carrera presentó una moción de reconsideración y de rectificación de hechos, la cual fue rechazada. El 22 de agosto presentó una solicitud al amparo de la Regla 49.2(1) ó (6) de Procedimiento Civil, 32 L.P.R.A. Ap. III, para indicar que luego de examinar el expediente en la Secretaría del tribunal *se percató de que la solicitud de reconsideración no se había llevado a la consideración del juez que la tenía asignada, por lo que se le estaba privando de presentar una serie de argumentos conforme a las reglas que regulan nuestra práctica procesal.* El tribunal resolvió el planteamiento con un escueto no ha lugar. El 14 de septiembre se emitió una orden para que la Secretaría del tribunal expidiera un cheque por la suma de cincuenta y cinco mil dólares ($55,000) de la cuenta consignada en el tribunal a favor de la señora Rodríguez por concepto de pensiones alimentarias correspondientes al período de junio de 1994 a agosto de 1995.

Inconforme, el doctor Carrera acudió ante el Tribunal de Circuito de Apelaciones mediante un *certiorari* e imputó como error haberse declarado sin lugar su moción bajo la Regla 49.2(1) ó (6) de Procedimiento Civil, *supra*, y, en consecuencia, no atenderse sus planteamientos relacionados con los alimentos de la señora Rodríguez. Simultáneamente, presentó una moción en auxilio de jurisdicción en la que indicó que, de expedirse el auto solicitado y anularse la resolución recurrida, se corría el riesgo de que la suma que habría de ser retirada de la Secretaría del tribunal no sería recobrable. Pidió que se detuviera la orden que autorizaba su expedición.

El 20 de octubre, el Tribunal de Circuito de Apelaciones paralizó y concedió diez (10) días a la señora Rodríguez para que mostrara causa por la cual no debía dejarse sin efecto la referida orden, expedirse el auto y devolverse el caso al Tribunal de Instancia para la celebración de una vista evidenciaria que atendiese los planteamientos del doctor Carrera.

La señora Rodríguez optó por presentar directamente este recurso el 27 de diciembre ante nos, el mismo día en que el Tribunal de Circuito de Apelaciones dictó su sentencia, pero debido a que fue notificada el 29 de diciembre, había perdido jurisdicción. Los antecedentes antes relacionados nos mueven a considerar prontamente este recurso y, bajo la Regla 54, de nuestro Reglamento, 4 L.P.R.A. Ap. XXI, adjudicar en sus méritos con vías a que, a la brevedad posible, termine este largo peregrinaje judicial de las partes.

### III

Una de las principales consecuencias que surgen de la relación jurídico-familiar, escribe Puig Peña, es el deber alimentario entre determinados parientes como obligación impuesta por el orden jurídico, en vista de la propia naturaleza del organismo familiar.

La única controversia de derecho que debemos resolver en este caso es si los alimentos *pendente lite* dejan de tener eficacia legal una vez decretado el divorcio.

Existe gran diferencia entre el deber de alimentos entre cónyuges *durante* el pleito de divorcio y el derecho de alimentos entre ex cónyuges. El Art. 100 del Código Civil regula así los alimentos *pendente lite*:

> Si uno de los cónyuges no contase con suficientes recursos propios para vivir durante el juicio[,] el Tribunal Superior ordenará al otro cónyuge que le pase una pensión alimenticia en proporción a los bienes de éste. 31 L.P.R.A. sec. 343.

En contraste, el precepto que rige la pensión alimentaria de un ex cónyuge es el Art. 109 del Código Civil, según enmendado por la Ley Núm. 25 de 16 de febrero de 1995 (31 L.P.R.A. sec. 385).([4]) Dispone:

---

([4]) Esta disposición empezó a regir inmediatamente después de su aprobación. El Art. 109 del Código Civil anteriormente disponía:

Si decretado el divorcio por cualesquiera de las causales que establece [el Art. 96 de este código], cualesquiera de los ex cónyuges no cuenta con suficientes medios para vivir, el Tribunal Superior podrá asignarle alimentos discrecionales de los ingresos, rentas, sueldos o bienes que sean de la propiedad del otro cónyuge.

El Tribunal concederá los alimentos a que se refiere el párrafo anterior, teniendo en cuenta, entre otras, las siguientes circunstancias:

(a) Los acuerdos a que hubiesen llegado los ex cónyuges.

(b) La edad y el estado de salud.

(c) La cualificación profesional y las probabilidades de acceso a un empleo.

(d) La dedicación pasada y futura a la familia.

(e) La colaboración con su trabajo en las actividades mercantiles, industriales o profesionales del otro cónyuge.

(f) La duración del matrimonio y la convivencia conyugal.

(g) El caudal y medios económicos y las necesidades de uno y otro cónyuge.

(h) Cualquier otro factor que considere apropiado dentro de las circunstancias del caso.

Fijada la pensión alimenticia, el juez podrá modificarla por alteraciones sustanciales en la situación, los ingresos y la fortuna de uno u otro ex cónyuge. La pensión será revocada mediante resolución judicial si llegase a hacerse innecesaria, o por contraer el cónyuge divorciado acreedor a la pensión nuevo matrimonio o viviese en público concubinato.

Los criterios del nuevo Art. 109 del Código Civil, *supra*, permiten al juzgador dirimir y evaluar la condición del ex cónyuge desde una perspectiva más humana y justiciera, sin embargo, no representa un cambio sustancial en torno a la controversia planteada ante nos. Por el contrario, se desprende con mayor claridad que el juzgador debe dilucidar en una vista evidenciaria los nuevos criterios aplica-

---

"Si la mujer que ha obtenido el divorcio no cuenta con suficientes medios para vivir, el Tribunal Superior podrá asignarle alimentos discrecionales de los ingresos, rentas, sueldos o bienes que sean de la propiedad del marido, sin que pueda exceder la pensión alimenticia de la cuarta parte de los ingresos, rentas o sueldos percibidos.

"Si el divorcio se ha decretado por la causal de separación, la mujer podrá solicitar los alimentos a que se refiere el párrafo anterior, si no cuenta con medios suficientes para vivir.

"La pensión alimenticia será revocada si llegase a hacerse innecesaria, o cuando la mujer divorciada contrajese matrimonio o cuando viva en público concubinato u observe vida licenciosa." 31 L.P.R.A. ant. sec. 385.

bles para establecer la pensión alimentaria entre ex cónyuges.

Erró pues el Tribunal de Primera Instancia al ordenar, *sin vista,* al doctor Carrera que continuara cumpliendo *después* de la sentencia de divorcio la pensión alimentaria fijádole mediante Resolución de 30 de julio de 1993. Reiteramos la normativa que, una vez disuelto el vínculo matrimonial por sentencia el 4 de marzo de 1994, cesó su obligación de proveer la pensión alimentaria *pendente lite* bajo el Art. 143 del Código Civil, 31 L.P.R.A. sec. 562.

En virtud de lo expuesto, *se deja sin efecto la sentencia del Tribunal de Circuito de Apelaciones. En sus méritos, revocamos la orden del Tribunal de Primera Instancia de 14 de septiembre de 1995 que ordenó expedir el cheque de cincuenta y cinco mil dólares ($55,000) a favor de la señora Rodríguez, así como la Resolución de 1ro de mayo de 1995, en lo relativo a sus alimentos post divorcio. Se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de forma compatible con lo aquí resuelto y prioritariamente señale una vista evidenciaria y resuelva las cuestiones pendientes.*(⁵)

Lo pronunció, manda el Tribunal y certifica el señor Secretario General. La Juez Asociada Señora Naveira de Rodón emitió una opinión disidente. El Juez Asociado Señor Rebollo López no interviene en esta etapa.

*(Fdo.)* Francisco R. Agrait Lladó
*Secretario General*

---

(⁵) Este dictamen no menoscaba la facultad del tribunal de instancia de consignar ese cheque con cargo al crédito que la señora Rodríguez tiene en la sociedad conyugal que existió con el doctor Carrera.

— O —

Opinión disidente emitida por la Juez Asociada Señora Naveira de Rodón.

El 27 de diciembre de 1995, la demandante recurrente presentó un recurso titulado "Apelación" para revisar una resolución del Tribunal de Circuito de Apelaciones de 14 de noviembre de 1995, y notificada el 29 de ese mismo mes. Mediante dicha resolución, el Tribunal de Circuito de Apelaciones se negó a desestimar una petición de *certiorari* presentada por el demandado Dr. Tomás Carrera González para revisar una resolución (orden) emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 14 de septiembre de 1995, cuyo archivo en autos de la notificación fue el 19 de ese mismo mes. En la resolución el foro de instancia denegó una moción de relevo al amparo de la Regla 49.2(1) ó (6) de Procedimiento Civil, 32 L.P.R.A. Ap. III. En la moción de relevo se solicitaba que se dejara sin efecto la parte de la sentencia de divorcio que disponía que los alimentos *pendente lite* fijados por nosotros (Tribunal Supremo) en auxilio de nuestra jurisdicción permanecieran vigentes hasta que otra cosa fuese resuelta.

Así las cosas, el Tribunal de Circuito de Apelaciones dictó una orden que paralizaba los efectos de la orden del Tribunal de Primera Instancia cuya revisión se había solicitado.

El 27 de diciembre de 1995, el Tribunal de Circuito de Apelaciones dictó una sentencia en los méritos, cuya notificación fue archivada en autos el 29 de ese mismo mes.

Estamos de acuerdo con la mayoría en que el recurso apropiado es el de *certiorari* y que, a tenor con lo dispuesto en el Art. 3.002(k) de la Ley de la Judicatura de Puerto Rico de 1994 (4 L.P.R.A. sec. 22i), la presentación de este recurso no paraliza los procedimientos en el Tribunal de Circuito de Apelaciones en cuanto a las cuestiones no comprendidas en el recurso, pero no se puede dictar sentencia

final, salvo una orden en contrario expedida *motu proprio* o a solicitud de parte por el Tribunal Supremo.

También estamos de acuerdo en que la sentencia dictada por el Tribunal de Circuito de Apelaciones no surtió efecto hasta que se archivó en autos la copia de su notificación y que para esa fecha ya el Tribunal de Circuito de Apelaciones no tenía jurisdicción para emitirla.

Sin embargo, no estamos de acuerdo con la forma en que el Tribunal dispone del recurso. El Tribunal de Circuito de Apelaciones actuó correctamente. Lo que procede es denegar el recurso de *certiorari* y devolver el caso al Tribunal de Circuito de Apelaciones, indicándole que anteriormente estaba impedido de dictar sentencia, pero que ahora, al devolvérselo, ya puede hacerlo.

Por todo lo antes expresado, disentimos de la sentencia que hoy emite el Tribunal.