Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| MARÍA DE LOS ÁNGELES PÉREZ CRUZ<br><br>Recurrida<br><br>V.<br><br>LUIS HÉCTOR DELIZ MARTÍNEZ<br><br>Peticionario | KLCE202400962 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: AR2023RF00290<br><br>Sobre: Divorcio por Ruptura Irreparable |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Marrero Guerrero y el Juez Campos Pérez.

Marrero Guerrero, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de octubre de 2024.

Comparece ante nos el Sr. Héctor Deliz Martínez (señor Deliz Martínez o peticionario) y solicita que revisemos una *Resolución* emitida el 21 de agosto de 2024 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI).[1] En el referido dictamen, el TPI determinó que el señor Deliz Martínez debía continuar pagando la pensión *pendente lite* solicitada por la señora María De Los Ángeles Pérez Cruz (señora Pérez Cruz o recurrida) hasta que se celebrara una vista de alimentos definitiva.

Por los fundamentos que expondremos a continuación, se adelanta la denegación del auto de *certiorari* solicitado por el señor Deliz Martínez.

**I.**

El caso ante nuestra consideración tuvo su génesis el 13 de abril de 2023, cuando la señora Pérez Cruz presentó una *Demanda*

---

[1] Apéndice del *Certiorari*, Anejo VIII, págs. 19-21. Archivada y notificada el 23 de agosto de 2024.

*de Divorcio por Ruptura Irreparable* contra el señor Deliz.[2] Entre otras cosas, la recurrida solicitó una pensión *pendente lite* a su favor, toda vez que no había trabajado por dos (2) décadas y sólo recibía $800 del seguro social.

El 30 de abril de 2023, el señor Deliz Martínez contestó la *Demanda* y presentó una reconvención.[3]

El 26 de septiembre de 2023, el TPI emitió una *Sentencia*, mediante la cual declaró Ha Lugar la petición de divorcio de la recurrida y declaró roto y disuelto el vínculo matrimonial existente entre el señor Deliz Martínez y la señora Pérez Cruz.[4] A su vez, el Foro Primario concedió una pensión *pendente lite* a favor de la recurrida por la suma de $400.00.

El 30 de enero de 2024, el TPI celebró una *Conferencia con Antelación al Juicio*.[5] En esta, el Foro Judicial les solicitó a las partes expresar su posición en torno al asunto jurisdiccional, si el recurso provisional culminaba cuando la sentencia de divorcio adviniese final y firme o si la pensión *pendente lite* se convertía automáticamente en un asunto de pensión excónyuge.

El 2 de febrero de 2024, el peticionario presentó una *Moción en cumplimiento de orden memorando de derecho*.[6] Mediante esta, solicitó que el TPI determinara que carecía de jurisdicción para establecer una pensión excónyuge. Asimismo, destacó que la señora Pérez Cruz nunca peticionó una pensión excónyuge en la *Demanda* de divorcio y que la pensión *pendente lite* no se extendía más allá de una sentencia de divorcio firme e inapelable, por lo que el señor Deliz Martínez no poseía obligaciones alimentarias para con la recurrida. El peticionario arguyó que se debía iniciar un nuevo proceso legal para específicamente solicitar una pensión excónyuge.

---

[2] *Íd.*, Anejo I, pág. 1.
[3] *Íd.*, Anejo III, págs. 5-8.
[4] *Íd.*, Anejo IV, pág. 9.
[5] *Íd.*, Anejo V, págs. 10-11.
[6] *Íd.*, Anejo VI, págs. 12-15.

El 18 de marzo de 2024, la señora Pérez Cruz presentó una *Réplica a "Moción en cumplimiento de orden memorando de derecho".*[7] En esta, la recurrida estableció que el asunto de alimentos no está finalmente adjudicado, en vista de que el TPI calendarizó una vista de seguimiento y autorizó el descubrimiento de prueba. Por otro lado, indicó que el TPI tenía jurisdicción para modificar sus medidas provisionales al amparo del Artículo 456 del Código Civil de Puerto Rico, 31 LPRA sec. 6903. Por ello, adujo que los asuntos de alimentos no cesaron automáticamente mediante la *Sentencia* de divorcio, sino que el Foro Primario, en del ejercicio de su discreción, podía extenderlo.

Sometido el asunto ante su consideración, el 21 de agosto de 2024, el TPI emitió una *Resolución* en la que formuló las siguientes determinaciones de hechos:[8]

1. La demandante salió de la residencia conyugal ubicada en Bo. La Romana 2910 Calle Rosa Quebradillas, Puerto Rico en ambulancia a raíz de una caída en abril 2023. De allí se mudó con un familiar a la Urb. La Paz en Hatillo, Puerto Rico.

2. Al día de la vista[,] la demandante residía en [una] vivienda alquilada en Urb. Toledo en Arecibo, Puerto Rico pagando $600.00 mensuales. Paga $35.00 de agua y luz aproximadamente, $30.00 [en] gasolina, $130.00 mensual[es] en alimentos y unos $180.00 de deducibles de gastos médicos mensuales, $25.00 en artículos de higiene y limpieza y $33.38 de póliza de cáncer. La demandante recibe $800.00 de seguro social.

3. El demandado tiene control de todos los activos de los bienes de la Sociedad Legal de Gananciales. Hay cuenta en Cooperativa San Rafael en Quebradillas y Banco Popular de Puerto Rico con $69,000.00 y $100,000.00. El demandado reside en la vivienda perteneciente a la Sociedad Legal de Gananciales.

Al Foro Primario restar los $800.00 que la señora Pérez Cruz recibía de seguro social a los $1,229.30 de sus gastos, le impuso al señor Deliz Martínez el pago de una pensión *pendente lite* de $400.00

---

[7] *Íd.*, Anejo VII, págs. 16-18.
[8] *Íd.*, Anejo VIII, págs. 19-21. Archivada y notificada el 23 de agosto de 2024.

y ordenó la congelación del $50% de los activos en las instituciones bancarias. Asimismo, el TPI abrió el proceso de descubrimiento de prueba. Consignó que el peticionario se amparó en el Código Civil del 1930, 31 LPRA sec. 1 *et seq.* (derogado) y su jurisprudencia interpretativa para establecer que la pensión *pendente lite* se extinguía al advenir final y firme la sentencia de divorcio. No obstante, el TPI estableció que, a tenor con el Artículo 457 del Código Civil de 2020, *supra,* sec. 6804, las medidas provisionales acordadas por los cónyuges o adoptadas por el tribunal tienen vigencia hasta que la sentencia de divorcio advenga final y firme, siempre que el tribunal no disponga lo contrario. Por ello, el tribunal resolvió que la medida provisional continuaba vigente hasta la vista de alimentos definitiva.

Inconforme, el 6 de septiembre de 2024, el señor Deliz Martínez presentó ante nos una petición de *certiorari*, en la que planteó que el TPI incidió en cometer los siguientes errores:

> **PRIMER SEÑALAMIENTO:** EL TRIBUNAL DE PRIMERA INSTANCIA ERRÓ AL NO DETERMINAR QUE LA PENSIÓN PENDENTE LITE CESA AUTOMÁTICAMENTE UNA VEZ QUE LA SENTENCIA DE DIVORCIO ADVIENE FINAL Y FIRME, IGNORANDO ASÍ LA NATURALEZA PROVISIONAL DE DICHA PENSIÓN Y LA JURISPRUDENCIA APLICABLE QUE ESTABLECE ESTE PRINCIPIO.

> **SEGUNDO SEÑALAMIENTO:** ERRÓ AL NO DECLARARSE SIN JURISDICCIÓN SOBRE EL ASUNTO DE LA PENSIÓN PENDENTE LITE TRAS LA SENTENCIA DE DIVORCIO ADVENIR FINAL Y FIRME, Y AL SEÑALAR INDEBIDAMENTE UNA VISTA FINAL PARA TRATAR ESTE TEMA, ABROGÁNDOSE UNA AUTORIDAD QUE NO LE CORRESPONDE SEGÚN EL DERECHO APLICABLE.

En síntesis, el apelante adujo que el TPI incidió al interpretar erróneamente la aplicación de las medidas provisionales ya que, si bien pueden extenderse más allá de la sentencia del divorcio si el tribunal así lo determina, esta disposición no es aplicable a la pensión *pendente lite*. Asimismo, puntualizó que el TPI ignoró la jurisprudencia de *Castrillo v. Palmer,* 102 DPR 460 (1974), en la que se estableció que la pensión *pendente lite* se extingue automáticamente cuando la sentencia de divorcio adviene final y

firme. Manifestó que la naturaleza temporal y provisional de la pensión *pendente lite* no puede transformarse en una obligación permanente sin el debido proceso de ley y sin que se haya presentado una solicitud formal de pensión excónyuge.

Por su parte, la señora Pérez Cruz peticionó la denegación de la expedición del auto de *certiorari* solicitado por el señor Deliz Martínez. Arguyó que la pensión *pendente lite* no cesó automáticamente, toda vez que el TPI, en el ejercicio de su discreción concedida por el Código Civil de 2020, *supra*, continuó atendiendo el asunto de alimentos posterior a dictarse sentencia de divorcio mediante el señalamiento de una vista de alimentos definitiva que aún no se había celebrado y la autorización del descubrimiento de prueba. Puntualizó que el peticionario no solicitó reconsideración de la *Minuta-Resolución* dictada en septiembre de 2023, en la que se anotó su objeción a la pensión y se ordenó continuar con los procedimientos de descubrimiento de prueba y señalamientos que quedaban pendientes. Además, especificó que tampoco lo realizó con la *Sentencia* dictada el 26 de septiembre de 2024.

Con respecto al asunto jurisdiccional, la señora Pérez Cruz concretó que el Foro Primario tenía jurisdicción para modificar sus medidas provisionales aun cuando se haya dictado la sentencia de divorcio. La recurrida estableció que en el caso *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023), se aclaró que el tribunal que atendió la petición de divorcio retiene la jurisdicción sobre los asuntos derivados del divorcio y puede modificar las órdenes provisionales hasta que finalmente se adjudiquen todas las controversias entre las partes.

En atención a los errores planteados por el recurrente, procedemos a exponer la normativa jurídica atinente a este recurso.

**II.**

**A.** *Certiorari*

El *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía poder revisar determinaciones de un tribunal inferior. *Torres González v. Zaragoza Meléndez, supra*, págs. 846-847; *Rivera et al., v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Medina Nazario v. McNeill Healthcare LLC*, 194 DPR 723, 728 (2016). En esencia, es un recurso extraordinario por el cual se solicita a un tribunal de mayor jerarquía la corrección de un error cometido por un foro inferior. Distinto al recurso de apelación, el tribunal tiene la facultad para expedir el recurso de manera discrecional por, de ordinario, tratarse de asuntos interlocutorios. *Torres González v. Zaragoza Meléndez, supra*, pág. 847.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone taxativamente las instancias en las que el Tribunal de Apelaciones posee autoridad para expedir el auto de *certiorari* sobre un asunto interlocutorio civil. *McNeill Healthcare LLC v. Municipio De Las Piedras*, 206 DPR 391, 404 (2021); *Scotiabank de Puerto Rico v. ZAF Corporation, et als.*, 202 DPR 478 (2019). A saber, si el asunto interlocutorio planteado ante este Tribunal no se encuentra dentro de las instancias que el ordenamiento jurídico nos otorga autoridad para intervenir, no podremos atender la controversia. El referido artículo dispone que este foro apelativo intermedio solamente expedirá un recurso de certiorari relacionado a una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil, *supra*, o de la denegación de una moción de carácter dispositivo. Véase Regla 52.1 de Procedimiento Civil, *supra*, R. 52.1. A su vez, a modo de excepción, este tribunal puede revisar órdenes o resoluciones interlocutorias cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de

familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

El propósito de esta regla es evitar la dilación que causaría la revisión judicial de las controversias que podrían ser planteadas en un recurso de apelación. *Scotiabank de Puerto Rico v. ZAF Corporation, et als., supra,* pág. 486. El Tribunal Supremo ha expresado que, al atender un auto de *certiorari* se descansa en la premisa de que el foro primario es quien está en mejor posición de resolver controversias interlocutorias. Parte del análisis comprendido al momento de decidir si se debe expedir el *certiorari* es no interrumpir injustificadamente el curso ordinario de los pleitos que se están ventilando en el TPI. En adición, "el hecho de que un asunto esté comprendido dentro de las materias susceptibles a revisión no justifica la expedición del auto sin más". *Medina Nazario v. McNeill Healthcare LLC, supra.*

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* R. 40, establece los criterios que debemos considerar en el ejercicio de la facultad discrecional al momento de atender una petición de *certiorari.* A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

De este Tribunal decidir no expedir el auto solicitado, no asume jurisdicción sobre el asunto presentado ni dispone sobre los méritos del mismo. *Torres González v. Zaragoza Meléndez, supra,* pág. 848.

**B. Pensión *pendente lite***

Por otro lado, "[e]l proceso de divorcio crea un estado transitorio que requiere unas garantías mínimas de protección para las partes y su patrimonio [...]". M. R. Garay Aubán, <u>Código Civil: Las Instituciones Familiares</u>, 2da. ed., San Juan, Ed. SITUM, 2021, T. II., pág. 185. En nuestro ordenamiento jurídico esta protección se viabiliza mediante las medidas provisionales dispuestas en el Código Civil de 2020. *Íd.* El principio rector al imponer medidas provisionales es el bienestar de las partes y la protección de su patrimonio. *Íd.*, pág. 201. Dichas medidas provisionales son modificables cuando las circunstancias cambien sustancialmente. *Íd.*, pág. 185. Esto, para que el foro judicial pueda evaluar las nuevas circunstancias que surjan y determinar lo que mejor convenga al interés protegido. *Íd.*, pág. 201. Por ello, aun cuando la sentencia de divorcio se encuentre en apelación, el tribunal de instancia retendrá la jurisdicción para modificar las medidas provisionales adoptadas. *Íd.*, pág. 185.

El Artículo 426 del Código Civil de 2020, *supra*, sec. 6773, dispone que la presentación de la petición de divorcio produce que, entre otros, "cualquiera de los cónyuges puede solicitar la anotación de la petición o demanda en los registros correspondientes o instar las acciones procedentes para la protección de sus derechos personales o del patrimonio conyugal".

A saber, el Artículo 447 del Código Civil de 2020, *supra*, sec. 6794, dispone unas medidas cautelares provisionales en atención del interés familiar más necesitado de protección, entre estas:

> [...]
> (b) fijar la contribución de cada cónyuge para atender las necesidades y las cargas de la familia durante el proceso, incluidos los gastos del litigio, y disponer las garantías, depósitos, retenciones u otras medidas cautelares necesarias para asegurar su efectividad;
>
> (c) señalar los bienes gananciales o comunes que, previo inventario, se entregarán a uno u otro cónyuge para su sustento y establecer las reglas para su administración y disposición, hasta la disolución del matrimonio y la liquidación de su régimen económico; o

[...]

De conformidad con el Artículo 448 del Código Civil de 2020, *supra*, sec. 6795, el tribunal puede adoptar otras medidas cautelares provisionales para, entre otros, "la atención de las necesidades especiales de cualquiera de los cónyuges o de los miembros de la familia si ellos no tienen recursos suficientes o si la naturaleza de los únicos medios disponibles para el sustento no permite la distribución conjunta e igualitaria de sus réditos o ganancias".

En lo atinente a la pensión alimentaria provisional de un cónyuge o *pendente lite*, el Artículo 454 del Código Civil de 2020, *supra*, sec. 6801, establece lo que sigue:

> El tribunal puede imponer el pago de una pensión alimentaria al cónyuge que tiene bienes propios en beneficio del que no cuenta con recursos económicos suficientes para su sustento durante el proceso. En este caso, la cuantía fijada debe ser proporcional a la capacidad económica del cónyuge a quien se impone la pensión y conforme a la posición social de la familia. La pensión debe cubrir las necesidades apremiantes y esenciales del cónyuge que la reclama y los gastos del litigio. El cónyuge alimentante no tiene derecho a reclamar la restitución de lo pagado por ambos conceptos.

De acuerdo con el Artículo 458 del Código Civil de 2020, *supra*, sec. 6805, "[l]as medidas provisionales que se refieren al cuidado y a la manutención de los hechos y del cónyuge con necesidad de sustento no admiten interrupción ni suspensión mientras se ventile el recurso en el que se cuestiona su validez". A tenor con el memorial explicativo, este artículo de nueva creación reconoce la importancia de los alimentos en nuestro ordenamiento jurídico y responde a la política de protección a la persona. M. R. Garay Aubán, *op. cit.*, pág. 204. Dichas medidas provisionales tienen vigencia hasta que la sentencia de divorcio advenga firme, siempre que el tribunal no determine lo contrario. Art. 457 del Código Civil de 2020, *supra*, sec. 6804. Ahora bien, el Artículo 459 del Código Civil de 2020, *supra*, sec. 6806 dispone que:

> Las medidas provisionales relativas a la conservación de la vivienda familiar y a la administración y disposición de los bienes comunes, pueden mantenerse en vigor después de la

KLCE202400962                                                  10

sentencia de divorcio, a petición de cualquiera de los excónyuges, hasta que se adjudiquen finalmente todas las controversias sobre la liquidación del régimen económico del matrimonio.

En el caso *Torres González v. Zaragoza Meléndez, supra*, pág. 853, el Tribunal Supremo de Puerto Rico estableció que "después de la sentencia de divorcio, el tribunal podrá retener jurisdicción sobre las medidas provisionales tomadas, si alguna, hasta que se adjudiquen finalmente todas las controversias sobre la liquidación del régimen económico del matrimonio de conformidad con el Art. 459 del Código Civil de 2020, *supra*".

Por su parte, el Artículo 460 del Código Civil de 2020, *supra*, sec. 6807, establece que:

> Si luego de decretada la disolución se inicia un pleito sobre la liquidación del régimen económico y la distribución y adjudicación de los bienes comunes del matrimonio, se podrá modificar el contenido y el alcance de las medidas cuya vigencia fue extendida, a petición de cualquiera de los excónyuges.
>
> Mientras la medida vigente no se modifique o suspenda judicialmente, los excónyuges quedan sometidos a sus términos.

Con respecto al Artículo 460 del Código Civil de 2020, *supra*, sec. 6807, el memorial explicativo del borrador del Código Civil de 2020 indica que:

> Este nuevo artículo consigna la vigencia de las medidas provisionales cuando se ha emitido la sentencia de divorcio, pero no se ha hecho la liquidación de los bienes. El tribunal que tiene ante sí la petición de divorcio siempre retiene la jurisdicción sobre los asuntos derivados del divorcio y puede modificar las órdenes provisionales según entienda que convienen o no al interés protegido. De ordinario estas medidas provisionales tienen efecto hasta que se dicte la sentencia de divorcio, pero nada impide que el tribunal las mantenga en vigor hasta que se adjudiquen finalmente todas las controversias entre las partes – aunque sea en un pleito posterior, como la liquidación de la comunidad postganancial – ya que su propósito es evitar que las actuaciones del cónyuge promovido impidan que en su día se puedan hacer efectiva la sentencia que recaiga. M. R. Garay Aubán, *op. cit.*, pág. 204.

### C. Pensión excónyuge

El deber de alimentos entre cónyuges durante el pleito de divorcio es distinto al derecho de alimentos entre excónyuges. *Rodríguez v. Carrera*, 139 DPR 973 (1996). Con respecto a la pensión

alimentaria del excónyuge, el Artículo 466 del Código Civil de 2020, *supra,* sec. 6813, establece que "[e]l tribunal puede asignar al excónyuge que no cuenta con medios suficientes para vivir una pensión alimentaria que provenga de los ingresos o de los bienes del otro excónyuge, por un plazo determinado o hasta que el alimentista pueda valerse por sí mismo o adquiera medios adecuados y suficientes para su propio sustento". La reclamación de los alimentos excónyuge puede realizarse mediante una petición en la demanda de divorcio, una moción en el pleito de divorcio o una acción separada. R. E. Ortega Vélez, <u>*Los efectos económicos del divorcio*</u>, Puerto Rico, Ed. First Book Publishing of PR, 1997, pág. 129.

Evaluada la normativa jurídica atinente a este recurso, procedemos a aplicarla a los hechos de este caso.

**III.**

En el presente caso, el señor Deliz Martínez señaló que el TPI erró al no determinar que la pensión *pendente lite* a favor de la señora Pérez Cruz cesó automáticamente la sentencia de divorcio advino final y firme. A su vez, planteó que incidió el Foro Primario al no declararse sin jurisdicción sobre el asunto de la pensión y al señalar una vista final para este asunto, aun cuando la sentencia de divorcio advino final y firme.

Tras un análisis objetivo, sereno y cuidadoso de la petición de *certiorari,* a tenor con los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* R. 40, determinamos que es prudente abstenernos de ejercer nuestra función revisora sobre el asunto planteado ante nos. No consideramos irrazonable ni contrario a derecho que el TPI haya ejercido su discreción en mantener la medida provisional relacionada a los alimentos de la señora Pérez Cruz posterior a dictar la sentencia de divorcio. El Foro Primario autorizó el descubrimiento de prueba y ordenó la celebración de una vista para atender el asunto de los alimentos de

excónyuge de la recurrida despúes de declarar roto y disuelto el matrimonio habido entre el señor Deliz Martínez y la señora Pérez Cruz. En este sentido, debemos señalar que la pensión *pendente lite* no cesa automáticamente en todo caso cuando la sentencia de divorcio adviene final y firme. Ello, en atención a que el Artículo 457 del Código Civil de 2020, *supra*, sec. 6804, establece que las medidas provisionales acordadas por los cónyuges o adoptadas por el tribunal tienen vigencia hasta que la sentencia de divorcio advenga final y firme, *excepto que el tribunal disponga lo contrario*. En el ejercicio de su discreción, el TPI actuó conforme está expresamente autorizado por la ley y mantuvo la vigencia de la pensión provisional, a la vez que calendarizó el descubrimiento de prueba y señaló vista en la que dilucidaría la necesidad de una pensión alimentaria de excónyuge de manera permanente.

Evaluado cuidadosamente el expediente del caso y la Resolución recurrida, en el ejercicio de nuestra discreción, declinamos la invitación del peticionario a intervenir con lo actuado por el TPI.  No se nos persuadió de que el TPI hubiese cometido error alguno, mucho menos uno que justifique nuestra intervención en esta etapa de los procedimientos.

Por lo anterior, denegamos la expedición del auto de *certiorari* solicitado por el peticionario.

**IV.**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari*.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones